CORTLAND ASBESTOS PRODUCTS, INC., Respondent, *v.* J. & K. PLUMBING & HEATING CO., INC., Appellant.

Third Department, October 28, 1969.

*Bernstein, Gitlitz & Sukloff* (*Carl R. Gitlitz* of counsel), for appellant.

*Lachman & Collison* (*Edwin Lachman* of counsel), for respondent.

REYNOLDS, J. This is an appeal from an order of the Supreme Court, Broome County, which denied a motion pursuant to CPLR 3211 (subd. [a], par. 7) to dismiss the complaint for failure to state a cause of action.

Respondent, a subcontractor, brought this action against appellant, a prime contractor, for breach of contract. The complaint alleges that the appellant advised the respondent that it intended to submit a bid to perform certain heating and ven-

tilating work and requested that the respondent, as a subcontractor, submit a bid to the appellant for the cost of the insulation work required to be done in connection with the heating and ventilating work. Pursuant to this invitation respondent submitted to appellant a bid in the sum of $84,000. The appellant thereafter submitted a bid utilizing this figure and naming the respondent as the insulation contractor. However, after the contract was awarded to the appellant it informed respondent that it would not allow it to perform the work as insulation subcontractor, and that another named subcontractor had been substituted in its place. As a result of the foregoing, respondent seeks $20,000 in damage.

Appellant's main point on this appeal is that the complaint fails to state a cause of action since it fails to allege that appellant ever accepted respondent's bid. No traditional communicated acceptance is alleged and thus the question presented us is whether a subcontractor's bid is accepted by the contractor's merely using the bid and the subcontractor's name in the contractor's major bid to the owner. Moreover, while the existence of a contract is a question of fact, the question of whether a certain or undisputed state of facts establishes a contract is one of law for the courts and, thus, since the facts herein are undisputed, the question whether there was a contract is for the court.

There appears to be no direct precedent in this State and the case is thus one of first impression. Respondent urges that there was an acceptance by the conduct of the appellant. In embracing this argument, Special Term stated that an acceptance need not be directly communicated in all cases to the offeror; it can be evidenced by an act or conduct, so long as there is some overt act indicative of acceptance. In addition, the court stated that acceptance may be made contingent upon the act of a third party, e.g., acceptance of the general contractor's bid by the owner. Of course, as general principles, the above-stated rules are unquestionably valid. Moreover, there is a certain equity in requiring the contractor to give the subcontractor the job where he has made use of the subcontractor's name and figures in securing a contract. On the other hand, under equally sound contract principles an acceptance of a bilateral contract is not only a manifestation of assent to the proposition but is a giving of the return promise requested. In order to complete a bilateral contract, the offeree must in fact make a promise to the offeror, and a promise, as the offeree should reasonably understand, is something which involves, if not communication, at least attempted communication (1 Williston, Contracts [3d ed.], § 70, p. 230). Here there was certainly

no return promise communicated to the offeror. This approach that there was no acceptance and thus no contract has been that taken by courts in other jurisdictions on facts similar to the present case (*Milone & Tucci* v. *Bona Fide Bldr.*, 49 Wn. [2d] 363; *Merritt-Chapman & Scott Corp.* v. *Gunderson Bros. Eng. Corp.*, 305 F. 2d 659, cert. den. 371 U. S. 935, reh. den. 371 U. S. 965; *Klose* v. *Sequoia Union High School Dist.*, 118 Cal. App. 2d 636) and we believe it to be sounder.

The order should be reversed, on the law and the facts, and motion granted, with costs.

HERLIHY, P. J., STALEY, JR., GREENBLOTT and COOKE, JJ., concur.

Order reversed, on the law and the facts, and motion granted, with costs.