## SECOND DEPARTMENT, JUNE, 1993

(June 1, 1993)

■ AFA PROTECTIVE SYSTEMS, INC., Appellant, v LINCOLN SAVINGS BANK, FSB, Respondent. [598 NYS2d 543] —In an action to recover damages for breach of contract, the plaintiff appeals from an order of the Supreme Court, Nassau County (Colby, J.), dated July 11, 1991, which denied its motion for summary judgment.

Ordered that the order is reversed, on the law, with costs, the motion is granted, and the matter is remitted to the Supreme Court, Nassau County, for a determination of damages pursuant to the liquidated damages clause.

In 1966, the parties entered into the first of a series of contracts whereby the plaintiff, AFA Protective Systems, Inc., agreed to provide fire alarm services to the defendant, Lincoln Savings Bank, FSB. Shortly after the parties entered into their initial contract, the plaintiff became involved in an antitrust action, resulting in a judgment of the United States District Court of Rhode Island. In order to comply with the judgment, the plaintiff informed its customers in a letter dated January 24, 1969, that existing agreements could be terminated on any anniversary of the date service was commenced by giving written notice and paying any unpaid balance or advance service charge. The parties subsequently entered into agreements in 1971, 1974, 1977 and 1981, each of which contained a provision for termination on any anniversary date of the commencement of service. However, in an order dated January 20, 1982, the United States District Court vacated the antitrust judgment as to the plaintiff. Thereafter, the plaintiff and defendant entered into an agreement in 1985 which omitted the prior provisions for termination.

In 1990, the parties entered into the agreement at issue in the instant action. Pursuant to this contract, the plaintiff agreed to provide services to the defendant for an annual sum of $4,379 for a five-year period commencing November 1, 1990. As with the 1985 agreement, this contract did not contain any

provision permitting the defendant to terminate the contract upon any anniversary date of commencement of services. In addition, paragraph 21 of the contract provided that, if the defendant defaulted, the plaintiff could discontinue services upon written notice and the defendant would owe the plaintiff all amounts due plus 75% of the service charge pro-rated for the period from such termination to the next permissible termination date. The agreement also contained a "merger clause" disclaiming any other agreements, representations, or understandings between the parties.

When the defendant attempted to cancel the contract and failed to make a scheduled payment, the plaintiff terminated its service, and brought this action seeking the sum of $18,024.77, plus interest, pursuant to a liquidated damages provision in the subject agreement. The plaintiff subsequently moved for summary judgment. The defendant argued in opposition, *inter alia,* that the January 1969 letter entitled it to terminate the contract on any anniversary of the date services were commenced. The Supreme Court found that triable issues of fact existed precluding summary judgment. We disagree.

It is settled that "when parties set down their agreement in a clear, complete document, their writing should as a rule be enforced according to its terms. Evidence outside the four corners of the document as to what was really intended but unstated or misstated is generally inadmissible to add to or vary the writing" *(W.W.W. Assocs. v Giancontieri,* 77 NY2d 157, 162). In the instant case, the 1990 contract clearly does not contain a provision for termination on any anniversary date and unequivocally provides for liquidated damages in the event of the defendant's breach. The defendant cannot rely on the 1969 letter to avoid the plain meaning of the contract. Even if we were to consider extrinsic matters, we would find that the statement in the 1969 letter, providing the defendant with a right to terminate on any anniversary date, had been superseded by the subsequent events and agreements. Accordingly, the plaintiff is entitled to summary judgment *(see, Zuckerman v City of New York,* 49 NY2d 557).

We have considered the defendant's remaining contentions and find them to be without merit. Lawrence, J. P., O'Brien, Copertino and Santucci, JJ., concur.