■ INTER-POWER OF NEW YORK, INC., Appellant, v NIAGARA MOHAWK POWER CORPORATION et al., Respondents. PETER BRADFORD, Respondent. [615 NYS2d 529] —Crew III, J. Appeal from an order of the Supreme Court (Hughes, J.), entered March 9, 1994 in Albany County, which granted Peter Bradford's motion to quash a deposition subpoena.

Plaintiff has sued defendant Niagara Mohawk Power Corporation for breach of a power sales contract under which Niagara Mohawk agreed to purchase power generated by a plant to be constructed by plaintiff. Niagara Mohawk allegedly renounced the contract on the ground that plaintiff was not going to be able to meet the in-service deadline imposed therein. The gravamen of the complaint is that Niagara Mohawk waived or was estopped from insisting on the stated deadline and that plaintiff was thereby excused from that condition precedent.

Following extensive discovery between the parties, plaintiff sought discovery of nonparty witnesses, including Peter Bradford, the Chair of both the New York State Board on Electric Generating Siting and the Environment and the Public Ser-

vice Commission. Plaintiff sought information concerning communications between Bradford and representatives of Niagara Mohawk concerning plaintiff's application for a permit for its proposed power generating facility. In essence, plaintiff sought to prove that Niagara Mohawk importuned Bradford to delay plaintiff's application so that Niagara Mohawk could abrogate its contractual obligations. Bradford moved to quash the subpoena, Supreme Court granted the motion and this appeal by plaintiff ensued.

While discovery is generally governed by a liberal standard *(see, e.g., Allen v Crowell-Collier Publ. Co.,* 21 NY2d 403, 406-407), the trial court is vested with broad discretion to supervise discovery and determine whether the discovery sought is material and necessary *(see, NBT Bancorp v Fleet/Norstar Fin. Group,* 192 AD2d 1032, 1033). In the circumstances of this case, we cannot say that Supreme Court abused its discretion. Of note is the fact that numerous representatives of Niagara Mohawk were deposed, all of whom averred that the conversations sought to be discovered did not take place. Additionally, Bradford submitted a sworn affidavit in which he averred that there had been no ex parte communications between Niagara Mohawk and himself relating to plaintiff's proposed power generating facility. Further, inasmuch as plaintiff's complaint was based upon a theory of waiver and estoppel, Supreme Court was quite correct that the information sought was not supportive of such a theory. Under the circumstances, no useful purpose would be served in conducting the proposed deposition of Bradford, and it cannot be said that Supreme Court abused its discretion in quashing the subpoena.

Cardona, P. J., Mikoll, White and Casey, JJ., concur. Ordered that the order is affirmed, with costs.