■ DONALD J. PAYNE, Appellant-Respondent, v ENABLE SOFTWARE, INC., Respondent-Appellant. [645 NYS2d 916] —Mercure, J. Cross appeals from an order of the Supreme Court (Ferradino, J.), entered November 15, 1995 in Saratoga County, which, *inter alia*, granted defendant's cross motion for partial summary judgment dismissing plaintiff's second cause of action in the second amended complaint.

In May 1990, defendant offered plaintiff a position as its president and chief executive officer and in that connection provided plaintiff with a "term sheet" dated May 30, 1990 setting forth the parties' understanding with respect to the terms of plaintiff's employment, "the complete provisions of which

[were to] be fully documented in an Employment Agreement between the parties". As relevant to issues presented on the present cross appeals, the term sheet provided that the term of plaintiff's employment would be three years beginning not later than July 1, 1990, that the employment agreement "shall provide for a 12 month evergreen clause based upon the annual salary of * * * not less than $150,000" and that, in the event of plaintiff's termination other than for cause, he would be entitled to receive his current base salary for the unexpired period of the employment agreement, but in no event for less than 12 months.

The subsequent employment agreement, executed July 23, 1990, provided for a three-year term, commencing on the date thereof and ending on its third anniversary date. Paragraph three, entitled *"Termination"*, stated: "In the event of the termination of [plaintiff's] employment other than for cause * * * [plaintiff] shall continue to be compensated, at the effective annual base salary on the date of termination, for the unexpired term of this Agreement, but in no event for a period of less than 12 months." Finally, the agreement contained the following merger clause: "This Agreement supersedes any and all other agreements, either oral or in writing, between the parties hereto with respect to [plaintiff's employment by defendant] and contains all of the covenants and agreements between the parties with respect to such employment in any manner whatsoever. Each party to this Agreement acknowledges that no representations, inducements, promises, or agreements, orally or otherwise, have been made by any party, or anyone acting on behalf of any party, which are not embodied herein, and that no other agreement, statement, or promise not contained in this Agreement shall be valid or binding."

Defendant discharged plaintiff effective September 30, 1993, approximately two months following the expiration of the employment agreement. Plaintiff thereafter brought this action to recover $175,000, his annual base salary at the time the employment agreement expired. The theory underlying plaintiff's second amended complaint is that, notwithstanding the expiration of the employment agreement, he was entitled to the severance pay provided for in paragraph three thereof because (1) plaintiff's employment beyond the expiration of the employment agreement effected a one-year renewal of the agreement, or (2) the term sheet's provision for a 12-month "evergreen clause" and paragraph three of the employment agreement entitled plaintiff to a full year's severance pay in the event of his termination without cause, even after the expiration of the employment agreement.

On these cross appeals, the only issue of any consequence is whether Supreme Court erred in granting summary judgment dismissing plaintiff's second cause of action. We conclude that Supreme Court did not err. We agree with defendant that the provisions of the employment agreement relative to severance pay are clear and unambiguous and susceptible to only one interpretation, that plaintiff was entitled to severance pay only in the event that he was terminated without cause during the three-year period of the employment agreement. It simply makes no sense to specifically limit the period of plaintiff's employment and at the same time provide for a financial reward to be paid in the event his employment is terminated at the close of the employment period or thereafter. Plaintiff's reliance upon the term sheet's reference to an "evergreen clause" is unavailing in view of the fundamental precept that " 'extrinsic and parol evidence is not admissible to create an ambiguity in a written agreement which is complete and clear and unambiguous upon its face' " (*W.W.W. Assocs. v Giancontieri*, 77 NY2d 157, 163, quoting *Intercontinental Planning v Daystrom, Inc.*, 24 NY2d 372, 379). Further, to the extent that the term sheet may have afforded plaintiff rights more expansive than those contained in the subsequent employment agreement, any such rights were extinguished by the employment agreement's broad merger clause (*see, AFA Protective Sys. v Lincoln Sav. Bank*, 194 AD2d 509, 510; *Carvel Corp. v Nicolini*, 144 AD2d 611, 612).

As a final matter, in view of our conclusion that Supreme Court was correct in its determination to dismiss plaintiff's second cause of action, it necessarily follows that Supreme Court did not abuse its broad discretion in vacating plaintiff's demands for discovery of material that was relevant only to that cause of action (*see, Inter-Power of N. Y. v Niagara Mohawk Power Corp.*, 207 AD2d 617, 618; *Blank v Schafrann*, 180 AD2d 886, 887-888). We also note that it is well within a court's discretion to vacate, rather than attempt to prune, an overly broad or burdensome demand (*see, Blank v Schafrann, supra*, at 888).

The parties' remaining contentions have been considered and found unavailing.

Cardona, P. J., Mikoll, White and Spain, JJ., concur. Ordered that the order is affirmed, without costs.