■ DATO JEWELRY, INC., Appellant, v WESTERN ALLIANCE INSURANCE COMPANY, Respondent. [656 NYS2d 30] —Judgment, Supreme Court, New York County (Ira Gammerman, J.), entered August 1, 1995, upon a jury verdict, in favor of the defendant insurer and against plaintiff insured, unanimously affirmed, with costs.

There is no merit to the insured's argument that because the jewelers block policy in issue was subject to an exclusion for "dishonest theft", it was error for the court to charge the jury that the burden was on the insured to prove the robbery was legitimate rather than on the insurer to prove it was staged. The insurer here did not deny coverage under the "dishonest theft" exclusion, and therefore had no burden of proving its applicability. If by reason of not having denied coverage on the basis of this exclusion the insurer is estopped from asserting it as a defense, we see no reason why such an estoppel should relieve plaintiff of the burden of proving a prima facie case, i.e., that a loss occurred and that the loss was a covered event (*see, Vasile v Hartford Acc. & Indem. Co.*, 213 AD2d 541). The insurer's evidence substantially undermined the testimony of plaintiff's principal concerning the circumstances surrounding the claimed event and the amount of the claimed loss, and was more than adequate to support the jury finding that the insured did not "sustain a loss as a result of [the alleged] robbery". Nor is there merit to the insured's argument that the opening statement of the insurer's attorney conceded that there was a robbery, and that it was therefore error for the court to allow the jury to consider the issue of whether a robbery occurred. The statement was too ambiguous to warrant judicial estoppel (*cf., Inter-Power of N. Y. v Niagara Mohawk Power Corp.*, 208 AD2d 1073, 1075), and, in context, could be construed as insinuating the exact opposite position that the robbery was staged. We have considered the insured's other arguments and find them to be without merit. Concur—Murphy, P. J., Wallach, Mazzarelli and Andrias, JJ.