■ INTER-POWER OF NEW YORK, INC., Appellant, v NIAGARA MOHAWK POWER CORPORATION, Respondent. [686 NYS2d 911] —Crew III, J. Appeal from an order of the Supreme Court (Hughes, J.), entered January 12, 1998 in Albany County, which granted defendant's motion for summary judgment dismissing plaintiff's fourth cause of action.

The instant appeal arises out of a power sales contract entered into between plaintiff and defendant in February 1988, pursuant to the terms of which defendant agreed to purchase power generated by a plant to be constructed by plaintiff in the Town of Halfmoon, Saratoga County.* The contract called for the facility to be operational by December 31, 1993 and, insofar as is relevant to this appeal, required that at least 12 months prior to the initial operation of the facility, plaintiff provide defendant with satisfactory "written evidence" that a firm supply of fuel was available. The contract further provided that in the event plaintiff failed to fulfill this obligation, the parties' agreement would become "null and void without liability of any description, kind or nature what[so]ever by [defendant] to [plaintiff]".

In November 1992, defendant requested that plaintiff provide it with such written evidence in accordance with the contract. Although initially asserting that it was not required to provide a written commitment at that time due to the fact that the facility then was not projected to be operational until early 1996, plaintiff nonetheless forwarded to defendant a letter from a supplier indicating that an understanding regarding "all essential commercial terms and conditions of a long-term supply contract" had been reached. Defendant deemed such response

---

* A more detailed history of the parties' relationship may be found in our prior decisions in this matter (*see*, *Inter-Power of N. Y. v Niagara Mohawk Power Corp.*, 213 AD2d 110; *Inter-Power of N. Y. v Niagara Mohawk Power Corp.*, 208 AD2d 1073; *Inter-Power of N. Y. v Niagara Mohawk Power Corp.*, 207 AD2d 617; *Matter of Commonwealth of Mass. v New York State Bd. on Elec. Generation Siting & Envt.*, 197 AD2d 97, *appeal dismissed* 83 NY2d 999, *lv dismissed* 84 NY2d 919).

to be insufficient and, by letter dated January 4, 1993, advised plaintiff that it considered their agreement to be "null and void by its own terms". Thereafter, by letter dated January 21, 1993, plaintiff informed defendant that it considered defendant's "unilateral attempt" to rewrite the underlying contract to be "nothing but a wrongful attempt to repudiate a valid, enforceable agreement", that it disagreed with defendant's position that the contract was "null and void" and that it intended "to pursue and enforce all available legal remedies".

Shortly thereafter, in March 1993, plaintiff commenced this action against, among others, defendant setting forth 14 causes of action sounding in, *inter alia*, breach of contract. Prior proceedings and appeals resulted in the dismissal of all but plaintiff's fourth cause of action for breach of contract (*see*, 213 AD2d 110; 208 AD2d 1073), wherein plaintiff alleged that defendant's January 4, 1993 letter constituted an anticipatory breach of the parties' agreement, "notwithstanding the fact that at all relevant times [plaintiff was] ready, willing and able to fulfill all of its obligations under the [a]greement". Following additional discovery, defendant again moved for dismissal of plaintiff's fourth cause of action, this time asserting that plaintiff had waived the alleged repudiation by continuing to treat the underlying contract as valid and, further, that plaintiff could not demonstrate that it was ready, willing and able to perform in accordance with the parties' agreement. Supreme Court granted defendant's motion and this appeal ensued.

Initially, we reject plaintiff's procedural challenges to defendant's third motion for summary judgment—namely, that there was no new evidence to justify such motion and that defendant's "waiver" and "performance" arguments could and should have been raised on one of the prior motions. While it is true that multiple motions for summary judgment in the same action generally are looked upon with disfavor, more than one motion is permissible where the subsequent motion is based upon newly discovered evidence or the moving party can demonstrate other sufficient cause for granting the motion (*see*, *Tuttle v McQuesten Co.*, 243 AD2d 930, 931; *Detko v McDonald's Rests.*, 198 AD2d 208, 209, *lv denied* 83 NY2d 752; *Schriptek Mktg. v Columbus McKinnon Corp.*, 187 AD2d 800, 801, *lv denied* 81 NY2d 704). Here, although relying upon the text of plaintiff's January 21, 1993 letter, defendant primarily bases the instant motion for summary judgment upon the June 1997 examination before trial testimony of Abraham Glezerman, plaintiff's designated corporate representative. As such

testimony plainly was not available for use on the prior motions, the motion now before us was not improper.

Turning to the merits, plaintiff contends that Supreme Court erred in finding that it waived defendant's alleged repudiation of the underlying contract. Alternatively, plaintiff argues that if such waiver occurred, the record demonstrates that plaintiff withdrew its waiver and was ready, willing and able to perform in accordance with the parties' agreement. As our review of the record reveals that plaintiff's arguments are lacking in merit, we affirm Supreme Court's order.

It is well settled that when one party breaches an executory contract, the adverse party has a choice—to treat the entire contract as broken and sue immediately for the breach or reject the proposed breach and continue to treat the contract as valid (*see*, 22A NY Jur 2d, Contracts, §§ 448-450, at 135-138). The adverse party must, however, make an election and cannot "at the same time treat the contract as broken and as subsisting. One course of action excludes the other" (*Strasbourger v Leerburger*, 233 NY 55, 59). Additionally, while an anticipatory breach relieves the nonbreaching party of the need to tender performance, such party nonetheless is required to show that it was ready, willing and able to perform its obligations under the contract (*see*, *id.*, at 60; *Ross Bicycles v Citibank*, 200 AD2d 379, 380; *Madison Invs. v Cohoes Assocs.*, 176 AD2d 1021, 1022, *lv dismissed* 79 NY2d 1040; *see also*, 4 Corbin, Contracts § 978, at 924-925 [1951 ed]; 22A NY Jur 2d, Contracts, § 452, at 140).

In support of its motion for summary judgment dismissing plaintiff's fourth cause of action, defendant tendered the January 21, 1993 letter wherein, as noted previously, plaintiff advised defendant that it considered defendant's "unilateral attempt" to rewrite the underlying contract to be "nothing but a wrongful attempt to repudiate a valid, enforceable agreement", that it disagreed with defendant's position that the contract was "null and void" and that it intended "to pursue and enforce all available legal remedies". Additionally, defendant offered Glezerman's examination before trial testimony, wherein Glezerman acknowledged that he advised defendant, "both in writing and orally", that he believed that the underlying contract remained valid and enforceable. Such proof, in our view, is sufficient to demonstrate that plaintiff waived defendant's alleged breach, thereby shifting the burden to plaintiff to tender sufficient proof to raise a question of fact on this point. The affidavit submitted by plaintiff's counsel, which was without evidentiary value, was insufficient to meet plaintiff's burden in this regard, and counsel's attempt to "incorporate by

reference" the proof submitted by plaintiff in opposition to the prior summary judgment motions is unavailing.

Moreover, assuming, without deciding, that plaintiff could effectively withdraw its waiver of defendant's alleged breach under these circumstances and, further, that commencement of this action constituted sufficient notice thereof, we nonetheless are persuaded that summary judgment was appropriate. Although the fact that the conditional certificate that plaintiff had been granted in September 1992 ultimately was revoked in 1994 is of no moment, the conditional nature of the certificate itself is sufficient to establish that plaintiff was not ready, willing and able to perform the underlying contract at the relevant point in time. To the extent that plaintiff argues that defendant was directly responsible for its inability to go forward with the project, we need note only that such conclusory assertions are not supported by the record before us. Plaintiff's remaining contentions have been examined and found to be lacking in merit.

Mercure, J. P., Peters, Spain and Carpinello, JJ., concur. Ordered that the order is affirmed, without costs.