■■■ D'AGOSTINO GENERAL CONTRACTORS, INC., Respondent, v STEVE GENERAL CONTRACTOR, INC., Appellant, et al., Defendants. [700 NYS2d 351] —Order unanimously affirmed with costs. Memorandum: On April 19, 1995, Steve General Contractor, Inc. (defendant) requested that plaintiff submit a bid to furnish and erect a Butler pre-engineered building. Plaintiff submitted its bid in the amount of $47,750 later that day. On April 28, 1995, defendant entered into a subcontract with the general contractor on a construction project for the City of Rochester. Pursuant to its subcontract, defendant was to construct a Butler pre-engineered building. On May 18, 1995, plaintiff advised defendant that it would be unable to erect the building, and offered to deduct $8,025, the erection cost, from its total bid. On June 12, the parties executed a written agreement providing that plaintiff would furnish the materials and supplies for the construction of the building for $39,725, the original bid of $47,750 less the erection cost of $8,025.

Plaintiff commenced this action to recover the sum allegedly remaining due under the parties' agreement. Supreme Court properly granted plaintiff's motion for summary judgment. Plaintiff submitted uncontroverted proof that $8,641.30 remains due and unpaid under the agreement. The court also properly denied defendant's cross motion for summary judgment on the counterclaim and dismissed the counterclaim. Defendant alleges in its counterclaim that plaintiff breached its obligation to erect the building in accordance with its original bid. The record establishes, however, that defendant never communicated its acceptance of the original bid to plaintiff, and thus no contract was formed based upon that bid (*see, Cortland Asbestos Prods. v J & K Plumbing & Heating Co.,* 33 AD2d 11, 13; *cf., Rochester Plumbing Supply Co. v A. Burgart, Inc.,* 49 AD2d 78, 82). The use of plaintiff's bid in the bid submitted by defendant to the general contractor did not constitute acceptance of plaintiff's bid (*see, Rochester Plumbing Supply Co. v A. Burgart, Inc., supra,* at 82; *Cortland Asbestos Prods. v J & K Plumbing & Heating Co., supra,* at 12-13). In addition, pursuant to the merger clause in the written agreement, any agreement based upon plaintiff's original bid was superseded by the subsequent written agreement (*see, AFA Protective Sys. v Lincoln Sav. Bank,* 194 AD2d 509, 510; *see also, Payne v Enable Software,* 229 AD2d 880, 882). (Appeal from Order of Supreme Court, Monroe County, Polito, J.—

Summary Judgment.) Present—Green, J. P., Pine, Pigott, Jr., Scudder and Callahan, JJ.