ALDEN STATE BANK, Respondent, v SUNRISE BUILDERS, INC., et al., Defendants, and JOSEPH D. PARKER et al., Appellants. (Appeal No. 2.) [853 NYS2d 230]—

Appeal from an order of the Supreme Court, Erie County (John A. Michalek, J.), entered February 9, 2007. The order, insofar as appealed from, upon reargument, adhered to the court's prior decision in appeal No. 1.

It is hereby ordered that the order so appealed from is unanimously modified on the law by denying those parts of the motion for partial summary judgment against defendants Joseph D. Parker and Natalie T. Parker seeking determination of the priority of plaintiff's mortgage lien and dismissal of the affirmative defense of those defendants of unclean hands and vacating that determination and reinstating that affirmative defense and as modified the order is affirmed without costs.

Memorandum: Alden State Bank (Alden) commenced an action against, inter alia, defendants Joseph D. Parker and Natalie T. Parker seeking to foreclose on its mortgage on property owned by the Parkers. The Parkers had purchased the property pursuant to a building contract that required them to make progress payments during the construction of a single-family home, with the balance of the contract payable upon the delivery of the deed. Pursuant to a subordination clause in the building contract, "all terms and provisions of this Contract are and shall be subject and subordinate to the lien of any building loan mortgage heretofore or hereafter made."

After the Parkers made some progress payments to the contractor, the contractor obtained a building loan from Alden

in the amount of $125,000 that was secured by a duly recorded mortgage on the property. The loan was on an Alden form titled "Building Loan Contract" and, under the terms of the loan, Alden was to advance installments to the contractor upon its completion of specific work items. For reasons not disclosed in the record, Alden advanced the entire loan amount to the contractor, although the contractor abandoned the project without completing the work items specified in the "Building Loan Contract." After abandoning the project, the contractor transferred title to the property to the Parkers, and they completed construction of the home at their own expense. The contractor failed to make any payments on the Alden loan, and Alden commenced the action against, inter alia, the Parkers. Supreme Court granted the motion of Alden for partial summary judgment seeking determination of the priority of its mortgage lien over the interests of the Parkers, subject only to their vendee's lien, and seeking dismissal of all of the affirmative defenses and counterclaims of the Parkers above their vendee's lien claim. By the order in appeal No. 2, the court granted that part of the motion of the Parkers for leave to reargue their opposition to Alden's motion and, upon reargument, adhered to its prior decision. The Parkers subsequently commenced an action against, inter alia, Alden and, by the order in appeal No. 3, the court granted the motion of Alden to dismiss the complaint against it on the ground that the issues raised by the Parkers had already been determined in favor of Alden. We note at the outset that the Parkers did not raise any issue with respect to the order in appeal No. 3 and thus are deemed to have abandoned any issue concerning that order (*see Ciesinski v Town of Aurora*, 202 AD2d 984 [1994]).

Contrary to the contention of the Parkers, Alden is entitled to enforce the subordination clause of the building contract with the contractor based on its status as a third-party beneficiary of that subordination clause (*see generally DeLine v CitiCapital Commercial Corp.*, 24 AD3d 1309, 1311 [2005], *lv denied* 27 AD3d 1203 [2006]), and the terms of the subordination clause are not vague or ambiguous (*cf. Pawling Sav. Bank v Hunt Props.*, 225 AD2d 678, 679 [1996], *lv dismissed* 89 NY2d 917, 91 NY2d 866 [1996]; *Finest Invs. v Security Trust Co. of Rochester*, 96 AD2d 227, 229 [1983], *affd* 61 NY2d 897 [1984]). Moreover, the contractor's actions did not nullify the building contract because, upon the contractor's breach, the Parkers did not repudiate the contract but instead elected to continue to treat it as valid, as demonstrated by their acceptance of the title to the property after the contractor's breach (*see Tibbetts Contr. Corp. v O & E Contr. Co.*, 15 NY2d 324, 338 [1965]; *Inter-Power of*

*N.Y. v Niagara Mohawk Power Corp.*, 259 AD2d 932, 934 [1999], *lv denied* 93 NY2d 812 [1999]).

We agree with the Parkers, however, that Alden failed to meet its initial burden on that part of its motion for partial summary judgment with respect to the priority of Alden's mortgage lien, and we therefore modify the order in appeal No. 2 accordingly. Although Alden concedes that the Parkers have a valid vendee's lien that in the usual case would have priority over Alden's mortgage lien, Alden contends that its mortgage lien has priority over the vendee's lien in this case based on the subordination clause in the building contract. In order for a mortgage to qualify as a building loan mortgage within the meaning of the subordination clause, the underlying loan must be made in compliance with a building loan agreement (*see Pawling Sav. Bank*, 225 AD2d at 679; *see also Juszak v Lily & Don Holding Corp.*, 224 AD2d 588, 588-589 [1996]). "A building loan agreement is . . . an agreement to provide 'a loan for the purpose of erecting a building and to be advanced in installments from time to time as might be rendered safe by the condition of the building' " (*Finest Invs.*, 96 AD2d at 229, quoting *Weaver Hardware Co. v Solomovitz*, 235 NY 321, 333-334 [1923], *rearg denied* 236 NY 591 [1923]; *see Pawling Sav. Bank*, 225 AD2d at 679; *Juszak*, 224 AD2d at 588-589). Thus, in order to establish that its mortgage lien has priority over the vendee's lien held by the Parkers based on the subordination clause, Alden was required to establish that there was a building loan agreement and that Alden advanced money to the contractor in compliance with the terms of that agreement (*see generally Pawling Sav. Bank*, 225 AD2d at 679). Alden failed to meet that burden, however (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]) and, indeed, the record establishes that Alden violated the "Building Loan Contract" by making payments for work not yet performed by the contractor.

We further agree with the Parkers that Alden failed to meet its initial burden with respect to that part of its motion seeking dismissal of the Parkers' affirmative defense of unclean hands (*see generally id.*), and we therefore further modify the order in appeal No. 2 accordingly. Alden failed to submit any evidence establishing the basis for its agreement to lend the contractor a sum that would result in negative equity in the home or any evidence establishing why it advanced the entire loan amount to the contractor despite the contractor's failure to complete all of the work items specified in the "Building Loan Contract" (*see generally id.*).

The Parkers' remaining contentions with respect to appeal

No. 2 are raised for the first time on appeal and thus are not properly before us (*see Ciesinski*, 202 AD2d at 985). Present—Gorski, J.P., Martoche, Lunn, Fahey and Pine, JJ.