SUMMARY ORDER
Plaintiff Consist Software Solutions, Inc. (“Consist”) appeals the entry of a permanent injunction in favor of defendants Software AG, Inc. and Software AG (collectively “SAG”) following a bench trial on Consist’s contract claims under a distribution agreement between the parties. We assume the parties’ familiarity with the facts and procedural history, which we reference only as necessary to explain our decision to affirm.
1. The Agreement’s Ambiguity
Consist argues that the district court erred in identifying an ambiguity in paragraph one of the agreement, which provides for termination on 18 months’ notice without indicating whether its application is limited by a “for cause” requirement. We review the court’s determination of ambiguity de novo. See Aon Fin. Prods., Inc. v. Societe Generale, 476 F.3d 90, 95-96 (2d Cir.2007). An agreement is ambiguous if it is “reasonably susceptible” of more than one meaning. Greenfield v. Philles Records, Inc., 98 N.Y.2d 562, 570, 750 N.Y.S.2d 565, 570, 780 N.E.2d 166 (2002).
Consist submits that the contract is unambiguous because paragraph one must be read in conjunction with paragraph seven, which states that “any termination” will take effect only upon notice of a material breach and a failure to cure within 60 days. Consist asserts that paragraph seven’s reference to “any termination” necessarily means that a paragraph one termination can be made only for cause. Thus, at least 18 months prior to the renewal date specified in paragraph one, a party must provide notice of a material breach and 60 days to cure. If the other party fails to cure within 60 days, the contract will terminate as of the next renewal date.
We reject Consist’s interpretation of the agreement as it would impermissibly deprive one or more provisions of the contract of meaning. See God’s Battalion of Prayer Pentecostal Church, Inc. v. Miele Associates, LLP, 6 N.Y.3d 371, 374, 812 N.Y.S.2d 435, 437, 845 N.E.2d 1265 (2006); 22 N.Y. Jur.2d Contracts § 249 (2008). Under New York law, “when one party breaches an executory contract, the adverse party has a choice — to treat the entire contract as broken and sue immediately for the breach or reject the proposed breach and continue to treat the contract as valid.” Inter-Power of N.Y., Inc. v. Niagara Mohawk Potver Corp., 259 A.D.2d 932, 934, 686 N.Y.S.2d 911 (3d Dep’t 1999); see also Emigrant Indus. Savings Bank v. Willow Builders, Inc., 290 N.Y. 133, 144, 48 N.E.2d 293 (1943) (“Where a contract is broken in the course of performance, the injured party has a choice presented to him of continuing the contract or of refusing to go on.” (internal quotation marks omitted)). This aspect of New York law is memorialized in paragraph seven of the parties’ agreement, which provides a non-breaching party with the right to terminate upon notice of material breach and 60 days to cure. On Consist’s reading, however, a party who has identified a material breach that remains uncured after 60 days must, under paragraph one, continue to perform the contract until the contract’s renewal date in spite of the breach. Consequently, if a party were to commit a material breach in the first month of the contract and not cure that breach, the non-breaching party would be bound to perform the contract for almost the full ten-year term before a termination would take effect. Such an outcome is at odds with *78 New York law because it renders meaningless either the 18-month notice provision in paragraph one, the 60-day notice-and-cure provision in paragraph seven, or both.
Consist’s proposed reading of the contract is also inconsistent with paragraph 5(3) of the agreement, which explicitly identifies as a material condition of the contract that the parties meet within 60 days of its execution to specify the format of Consist’s quarterly reports to SAG. Paragraph 5(3) also states that Consist will have materially breached the agreement if it fails to provide SAG with such reports. These conditions were obviously important to the parties as paragraph 5(3) is the only provision of the agreement that defines a material condition or a material breach. The provision would be rendered meaningless if, as Consist would have it, the non-breaching party had to complete the first ten-year term of the agreement notwithstanding the existence of an uncured material breach of this magnitude in the first 60 days. Thus, as the district court correctly observed, Consist’s proposed conjunctive reading of the two clauses does not resolve the ambiguity in paragraph one; rather it “creates far more ambiguity” than exists when paragraphs one and seven are read separately.[1] Dec. 17, 2007 Tr. at 197.
2. Resolving the Ambiguity
Where ambiguity is identified that can be clarified by extrinsic evidence, New York law — which governs the agreement here at issue — holds that the meaning of the contract is a question of fact for the factfinder. See Revson v. Cinque & Cinque, P.C., 221 F.3d 59, 66 (2d Cir.2000) (collecting cases). Consist argues that, even if the parties’ agreement is ambiguous, the evidence considered by the district court does not support its findings of fact. We review this challenge for clear error. See Sussman v. Crawford, 548 F.3d 195, 198 (2d Cir.2008). In doing so, we will not second-guess the trial court’s credibility assessments or its choices between permissible competing inferences. See Amalfitano v. Rosenberg, 533 F.3d 117, 123 (2d Cir.2008); see also Anderson v. City of Bessemer, 470 U.S. 564, 574, 105 S.Ct. 1504, 84 L.Ed.2d 518 (1985). Applying *79 these principles, we identify no error in the district court’s findings of fact.
The district court expressly found, and Consist does not dispute, that the parties never discussed tying the termination provision in paragraph one to the for-cause provision in paragraph seven. See Dec. 17, 2007 Tr. at 185-86. To the extent Consist CEO Fridman believed the two paragraphs should be linked, the district court found and Fridman conceded that this belief was “unilateral and unexpressed,” id. at 191, and therefore inad-missable as extrinsic evidence of the parties’ mutual intent, see id. at 192; cf. Klos v. Lotnicze, 133 F.3d 164, 168 (2d Cir. 1997). Relatedly, the district court credited the testimony of the SAG draftsman that the introduction of ambiguity into the for-cause provision of paragraph seven “was a result of discussions with [Consist CEO] Fridman” about making that paragraph mutual, and not indicative of any effort to link paragraph seven to paragraph one. Dec. 17, 2007 Tr. at 188. The district court also refused to credit Frid-man’s testimony that he continued to press for a perpetual contract, id. at 189; instead, the court found that Fridman acquiesced to a non-perpetual term in exchange for other favorable terms, including the “no-reporting” requirement and the linkage of Consist’s royalty payments to defendant’s sales in the United States, id. at 184.
The district court also found that, when SAG provided Consist with 18 months’ notice of termination in April 2006, Fridman voiced no protest. Id. at 192. Moreover, following SAG’s April 2006 notice of termination, Consist’s sales people informed customers, when asked, that Consist would cease to be SAG’s exclusive distributor as of January 1, 2008 — a termination date that makes sense only if Consist and Frid-man recognized that SAG’s April 2006 not-for-cause termination was permitted under paragraph one. See id. at 194. Given Consist’s 30-year distribution relationship with SAG, the district court reasonably inferred that these actions and omissions were “powerful objective extrinsic evidence” that Fridman and Consist understood the parties’ termination rights under paragraph one to be independent from the for-cause termination rights in paragraph seven. See id. ■
We cannot conclude that these factual findings are clearly erroneous and, taken together, they provide adequate support for the district court’s entry of judgment for SAG.
We have considered all of plaintiffs’ remaining arguments on appeal and have found them to be without merit. Accordingly, we AFFIRM the judgment of dismissal.

. We discern yet another reason to reject Consist's reading of the contract. Although the core of the parties’ disagreement concerns whether termination under paragraph one must be for cause, the parties apparently agree that paragraph one’s 18-month notice requirement may be invoked before each and every renewal date identified in that paragraph. Both parties thus read the paragraph to give them the right to provide notice of termination at least 18 months before the initial ten-year period expires and then at least 18 months prior to each subsequent five-year renewal period.
This reading is not supported by the plain language of paragraph one. On its face, paragraph one permits the parties to terminate the contract on 18-month’s notice prior only to the "end of the first ten (10) year period.” If neither party invokes this termination provision prior to the expiration of that initial ten-year period, paragraph one is clear that, as a result, "this Agreement shall automatically renew for successive five (5) year periods” without the ability to terminate on at least 18 months' notice.
Mindful of this provision, if paragraphs one and seven are read conjunctively as Consist urges, the contract would be construed as perpetual, i.e., not terminable for any reason, once eight years and six months of the first ten-year term has passed. This reading would be a sharp departure from New York law, which provides for termination upon a material breach, see Inter-Power of New York Inc. v. Niagara Mohawk Power Corp., 259 A.D.2d at 934, 686 N.Y.S.2d 911, and which, "in the absence of a clear provision ... [is] reluctant to declare a perpetual license as a matter of law,” Chapman v. N.Y. State Div. for Youth, 546 F.3d 230, 237 (2d Cir.2008). This reading is further inconsistent with paragraph 5(4) of the agreement, which explicitly provides for termination of ”extension[s]” of the contract.