10-3039-cv
Beautiful Jewellers Private Limited v. Tiffany & Co.

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan Courthouse, 500 Pearl Street, in the City of New York, on the 16th day of  September, two thousand eleven.

Present:
> GUIDO CALABRESI,
> ROBERT A. KATZMANN,
> > *Circuit Judges*,
> JOHN GLEESON,
> > *District Judge*.[*]

---

BEAUTIFUL JEWELLERS PRIVATE LIMITED, MITTAL COURT "A" WING, 10TH FLOOR, NARIMAN POINT, MUMBAI, INDIA 400021,

> *Plaintiff-Appellant*,

> v.                                                                      No.  10-3039-cv

TIFFANY & CO., 727 FIFTH AVENUE,

> *Defendant-Appellee.*

---

For Plaintiff-Appellant:                    TODD A. HIGGINS, Crosby & Higgins, LLP, New York, N.Y.

---

[*] The Honorable John Gleeson, United States District Judge for the Eastern District of New York, sitting by designation.

For Defendant-Appellee: JEFFREY A. MITCHELL (Don Abraham, *on the brief*), Gibbons, P.C., New York, N.Y.

Appeal from the United States District Court for the Southern District of New York (Daniels, *J.*).

**ON CONSIDERATION WHEREOF**, it is hereby **ORDERED**, **ADJUDGED**, and **DECREED** that the judgment of the district court be and hereby is **AFFIRMED**.

Plaintiff-Appellant Beautiful Jewellers Private Limited ("BJP") appeals from the June 29, 2010 judgment of the district court granting the motion of Defendant-Appellee Tiffany & Co. ("Tiffany") for summary judgment dismissing the complaint. On appeal, BJP contends that the district court erroneously concluded as a matter of law that there was no verbal agreement between the parties that BJP would be Tiffany's exclusive retailer in India for as long as Tiffany sold goods there and, in any event, that Tiffany's termination of BJP as an authorized Tiffany retailer was not a breach of that agreement. BJP argues in the alternative that even assuming the parties had only an at-will business relationship, it raised a genuine issue of material fact that Tiffany failed to provide BJP a reasonable notice of termination. Finally, BJP maintains that the district court erred in dismissing, for failure to raise a genuine issue of material fact, its claims for unjust enrichment, breach of fiduciary duty, and promissory estoppel. We assume the parties' familiarity with the facts and procedural history of this case.

"We review a grant of summary judgment *de novo*, examining the evidence in the light most favorable to, and drawing all inferences in favor of, the non-movant." *Sheppard v. Beerman*, 317 F.3d 351, 354 (2d Cir. 2003).

BJP argues first that the district court erred in concluding as a matter of law that the parties did not enter into a verbal agreement that BJP would be Tiffany's exclusive retailer in

India for as long as Tiffany sold jewelry there. Under New York law, the elements of a cause of action for breach of contract are (1) the existence of a contract, (2) performance of the contract by one party, (3) breach by the other party, and (4) damages suffered as a result of the breach. *First Invs. Corp. v. Liberty Mut. Ins. Co.*, 152 F.3d 162, 168 (2d Cir. 1998). To establish the existence of an enforceable agreement, the plaintiff must demonstrate "an offer, acceptance of the offer, consideration, mutual assent, and an intent to be bound." *Kowalchuk v. Stroup*, 873 N.Y.S.2d 43, 46 (1st Dep't 2009). "Under traditional principles of contract law, questions as to what the parties said, what they intended, and how a statement by one party was understood by the other are questions of fact; however, the matter of whether or not there was a contract, in light of the factual findings on these questions, is an issue of law." *Ronan Assocs., Inc. v. Local 94-94A-94-B, Int'l Union of Operating Eng'rs*, 24 F.3d 447, 449 (2d Cir. 1994); *see also Cortland Asbestos Prods., Inc. v. J. & K. Plumbing & Heating Co.*, 304 N.Y.S.2d 694, 696 (3d Dep't 1969) ("[W]hile the existence of a contract is a question of fact, the question of whether a certain or undisputed state of facts establishes a contract is one of law for the courts . . . .").

As an initial matter, BJP concedes that there is no written evidence of its alleged oral agreement with Tiffany. It likewise does not dispute that during the ten-year period in which BJP sold Tiffany goods in India, the parties never executed a written agreement. The unsigned draft agreements exchanged between the parties do not reflect the existence of a verbal agreement that was to continue indefinitely or for as long as Tiffany sold products in India. Nor did BJP ever refer to an existing oral agreement during the parties' contract negotiations or in its comments on Tiffany's draft agreements. Instead, all of the draft agreements specified an expiration date with an optional extension date. For example, the Tiffany's draft dated

September 24, 1996 expires by its terms on January 31, 2001. It expressly provides that "the parties, intending to be legally bound, have executed this Agreement," App. 538, and that the "Agreement may not be modified, altered or amended except by an agreement in writing signed by both parties," *id.* at 524. Although BJP commented on that draft on December 4, 1996, it did not dispute any of these provisions. *See, e.g.*, *R.G. Group, Inc. v. Horn & Hardart Co.*, 751 F.2d 69, 76 (2d Cir. 1984) (concluding that there was no oral agreement where the parties' draft franchise agreement "declared on its face that 'when duly executed' it would set forth the parties' rights and obligations, that there were no other agreements between the parties, and that any modification in the agreement would also have to be in writing and signed").

Moreover, instead of demanding from Tiffany an agreement providing for an indefinite distributorship, BJP requested a limited-term agreement with a four-year extension. If, as BJP asserts, the parties had agreed by July 1996 to an exclusive distributorship for as long as Tiffany sold jewelry in India, it would have been illogical for Rajesh Mehta, BJP's principal, to respond to Tiffany's proposed one-year written agreement with a request for a four-year written agreement. Other communications from BJP also are inconsistent with the existence of a valid oral agreement. For example, BJP drafted and submitted to Tiffany a memorandum of understanding ("MOU"), which states: "Tiffany agrees that *once this MOU gets converted inot* [sic] *a full fledged agreement*, Beautiful shall be the exclusive marketing agent of Tiffany in India." App. 504 (emphasis added). Similarly, in a March 31, 2005 letter responding to Tiffany's termination notice, BJP asserted that "[Tiffany] has repeatedly assured us that till end-2006 we would continue to represent Tiffany & Co. in Mumbai after which you would consider further negotiation of our contract." *Id.* at 594. These communications belie BJP's purported

4

belief that it was Tiffany's exclusive distributor in India for as long as Tiffany sold goods there.

In any event, Mehta's own testimony does not support the statement in his affidavit that BJP had an exclusive distribution agreement "to last for as long as Tiffany continued doing business in India." *Id.* at 485. When asked during his deposition about the exact words that formed the purported oral agreement, Mehta responded that the parties had agreed to an "open-ended tenure." *Id.* at 754. He did not testify that the purported agreement would continue indefinitely at BJP's option or until Tiffany discontinued doing business in India. In view of Mehta's recollection of an agreement for an "open-ended tenure" and the lack of any testimonial or documentary evidence of an oral agreement, the district court correctly held that no rational juror could find that there was an oral agreement that BJP would be Tiffany's exclusive retailer in India for as long as Tiffany sold goods there. The district court therefore did not err in granting summary judgment dismissing BJP's contract claim.

We turn next to BJP's contention that even assuming the parties had only an at-will business relationship, Tiffany failed to provide BJP with reasonable notice that it was terminating BJP as its retailer. The question of whether notice is needed under New York law for a contract of this sort is not altogether clear. *See, e.g.*, *Haines v. City of New York*, 41 N.Y.2d 769 (N.Y. 1977). *But see Copy-Data Sys. v. Toshiba America*, 755 F.2d 293 (2d Cir. 1985). In any event, upon our independent review of the record, and considering both the dubiety of damages during the alleged lack of notice period, and the communications between the parties prior to termination, we conclude that in the circumstances before us, BJP has raised no genuine issue of material fact as to whether its right to notice under the at-will contract were breached.

Finally, for substantially the reasons stated by the district court in its memorandum

decision and order dated June 28, 2010, s*ee Beautiful Jewellers Private Ltd. v. Tiffany & Co.*, No. 06 Civ. 3085 (GBD), 2010 WL 2720007, at *4 (S.D.N.Y. June 28, 2010), we affirm the district court's grant of summary judgment dismissing BJP's claims for breach of fiduciary duty, unjust enrichment, and promissory estoppel.

We have considered BJP's remaining arguments and find them to be without merit. For the reasons stated herein, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK
