J.C. Healing Touch Rehab, P.C. v 21st Century Ins. Co. (2020 NY Slip Op
51296(U))

[*1]

J.C. Healing Touch Rehab, P.C. v 21st Century Ins. Co.

2020 NY Slip Op 51296(U) [69 Misc 3d 136(A)]

Decided on October 30, 2020

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on October 30, 2020
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : MICHELLE WESTON, J.P., DAVID ELLIOT, BERNICE D. SIEGAL, JJ

2019-669 K C

J.C. Healing Touch Rehab, P.C., as
Assignee of Eusebio Carlos, Respondent, 
against
21st Century Insurance Company, Appellant.

Law Offices of Buratti, Rothenberg & Burns (Bryan Rothenberg of counsel), for appellant.
The Rybak Firm, PLLC (Damin J. Toell of counsel), for respondent.

Appeal from a judgment of the Civil Court of the City of New York, Kings County (Harriet
L. Thompson, J.), entered February 1, 2019. The judgment, entered pursuant to an order of that
court entered November 21, 2018 granting plaintiff's motion for summary judgment, denying a
cross motion made by defendant on August 25, 2011 for summary judgment dismissing the
complaint, and rejecting a "cross" motion made by defendant on July 27, 2016, awarded plaintiff
the principal sum of $1,670.32.

ORDERED that the judgment is reversed, with $30 costs, the order entered November 21,
2018 is vacated, plaintiff's motion for summary judgment is denied and the "cross" motion made
by defendant on July 27, 2016 for summary judgment dismissing the complaint is granted.
In this action by a provider to recover assigned first-party no-fault benefits, plaintiff moved
for summary judgment. The parties' attorneys subsequently entered into a stipulation setting forth
a motion schedule, which adjourned the return date of the motion to December 22, 2011 and
provided, among other things, that all opposition papers and cross motions must be served on or
before September 22, 2011. On August 25, 2011, in accordance with the foregoing schedule,
defendant 21st Century served a cross motion for summary judgment dismissing the [*2]complaint, arguing that it had timely denied the claims on the
ground of material misrepresentation in the procurement of the insurance policy. Plaintiff
opposed defendant's cross motion in the Civil Court.
Before the Civil Court ruled on the motion and cross motion, 21st Century commenced a
declaratory judgment action in the Supreme Court, Nassau County, and plaintiff herein appeared
in that action. On December 19, 2011, the Supreme Court signed an order to show cause, which,
among other things, temporarily stayed pending and future lawsuits by the instant provider and
assignor, among others. By order entered May 29, 2012, the Supreme Court continued the stay
pending the determination of the declaratory judgment action. By order entered May 6, 2015, the
Supreme Court granted 21st Century's motion for summary judgment. A judgment entered
February 4, 2016 in the Supreme Court declared that 21st Century has no duty to provide
coverage for specified collisions, including the incident herein, or for any claim for no-fault
benefits arising out of those collisions. The judgment and orders with notices of their entry were
served on the provider's attorneys. 
On July 22, 2016, based upon the declaratory judgment, defendant served what it
denominated as a "cross" motion, with a return date of November 1, 2016, seeking an order in the
Civil Court denying plaintiff's motion for summary judgment, granting defendant's summary
judgment motion dismissing the complaint, granting defendant leave to amend its answer to
include the affirmative defenses of collateral estoppel and res judicata and deeming the amended
answer served. By order entered November 21, 2018, the Civil Court granted plaintiff's motion
and denied defendant's August 25, 2011 cross motion on the ground that defendant's answer had
not asserted the affirmative defenses of collateral estoppel and res judicata, and found that the
action had been "erroneously stayed." The Civil Court further stated that it rejected defendant's
"additional cross motion," served on July 27, 2016, as untimely under the parties' motion
schedule and "improper in violation of the one motion rule." Defendant appeals from a judgment
entered February 1, 2019 pursuant to the November 21, 2018 order, awarding plaintiff the
principal sum of $1,670.32.
Contrary to the determination of the Civil Court, defendant's failure to raise the affirmative
defenses of collateral estoppel and res judicata in its answer was understandable and excusable
since the declaratory judgment action had not been filed in the Supreme Court at the time
defendant answered the instant complaint. Similarly, the order and judgment in the declaratory
judgment action were not rendered until after defendant had cross-moved for summary judgment
on August 25, 2011. Thus, as defendant argues, it had no reason to raise those affirmative
defenses in the answer (see Renelique v
State-Wide Ins. Co., 50 Misc 3d 137[A], 2016 NY Slip Op 50096[U] [App Term, 2d
Dept, 2d, 11th & 13th Jud Dists 2016]). 
Whether defendant's July 27, 2016 papers be deemed a motion with a return date of
November 1, 2016 or a "cross" motion, in either case, its July 27, 2016 papers served as a vehicle
to introduce the Supreme Court's orders and the declaratory judgment entered in favor of 21st
Century, of which this court takes judicial notice (see Kingsbrook Jewish Med. Ctr. v Allstate [*3]Ins. Co., 61 AD3d 13 [2009]; Matter of Khatibi v Weill, 8 AD3d
485 [2004]; Renelique, 50 Misc 3d 137[A], 2016 NY Slip Op 50096[U]). "While it
is true that multiple motions for summary judgment in the same action . . . are looked upon with
disfavor, more than one motion is permissible where[, as here,] the subsequent motion is based
upon newly discovered evidence or the moving party can demonstrate other sufficient cause for
granting the motion" (Inter-Power of NY v Niagara Mohawk Power Corp., 259 AD2d
932, 933 [1999]). Consequently, under the particular circumstances presented herein, the Civil
Court, for judicial economy, should not have rejected defendant's 2016 "cross" motion and
should have taken judicial notice of the declaratory judgment. In light of the declaratory
judgment, defendant's 2016 "cross" motion should have been granted under the doctrine of res
judicata, as any judgment in favor of plaintiff in the present action would destroy or impair rights
or interests established by the Supreme Court's judgment (see Schuylkill Fuel Corp. v
Nieberg Realty Corp., 250 NY 304, 306-307 [1929]; EBM Med. Health Care, P.C. v Republic W. Ins., 38 Misc 3d 1
[App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2012]).
Accordingly, the judgment entered February 1, 2019 is reversed, the order entered November
21, 2018 is vacated, plaintiff's motion for summary judgment is denied and the "cross" motion
made by defendant on July 27, 2016 for summary judgment dismissing the complaint is
granted.
WESTON, J.P., ELLIOT and SIEGAL, JJ., concur.

ENTER:
Paul Kenny
Chief Clerk
Decision Date: October 30, 2020