■ BOWERY SAVINGS BANK, Respondent, v 130 EAST 72ND STREET REALTY CORP., Appellant, et al., Defendants.—Order, Supreme Court, New York County (Leonard N. Cohen, J.), entered August 29, 1990, which, *inter alia,* granted plaintiff's motion to strike defendant's answer and for summary judgment in its entirety, and referred the matter to a Referee to ascertain and compute the amount due to plaintiff for principal and interest on a note or bond and mortgage set forth in the complaint, and for taxes, assessments, water rates and/or fire insurance premiums, unanimously affirmed, with costs.

In this action to foreclose a mortgage, defendant 130 East 72nd Street Realty Corp. admitted the execution of the documents relied upon by plaintiff, the corporation's obligation to pay, default in the payment of principal, interest, and taxes, and the existence of the mortgages giving a first lien upon the subject property. Based upon these admissions, which cured the deficiencies in plaintiff's moving papers, the bank established a *prima facie* right to payment, which the defendant has failed to rebut by raising any material issue of fact for trial.

The fact that one of the shareholders is missing, or that she may or may not be a majority shareholder, absent more, does not raise a defense to the note, or a triable issue of fact. Nor is the public administrator, who was appointed to stand in the shoes of the missing shareholder, a necessary party to this action, since it is axiomatic that a corporation is a legal entity separate and distinct from its shareholders *(Matter of Total Care Health Indus. v Department of Social Servs.,* 144 AD2d 678). Moreover, the reliance by other officers and/or principals of the corporation upon restraining orders issued by the Surrogate's Court is misplaced, inasmuch as those orders merely restrained the transfer or encumbrance of the property by principals of the defendant corporation and did not prohibit such persons from carrying on the business of the corporation in the ordinary course, from paying the corporation's debts, or restrain creditors from seeking to enforce their rights with respect to the valid and binding obligations of the corporation. Concur—Sullivan, J. P., Carro, Rosenberger, Ross and Smith, JJ.