■ BERNARD WINKLER et al., Respondents, v ALLVEND INDUSTRIES, INC., et al., Appellants, et al., Respondents.—In an action, *inter alia,* to recover damages for fraudulent inducement to enter into a contract, the defendants Allvend Industries, Inc., Edward Weiss, Leonard Weiss, and Promovision Video Displays Corp., appeal from so much of a judgment of the Supreme Court, Nassau County (Levitt, J.), entered May 1, 1991, as, upon their default in serving an answer and after an inquest on the issue of damages, is (1) in favor of the plaintiffs Bernard Winkler and Lynn Winkler and against them in the total sum of $438,307.27, and (2) in favor of the plaintiff Ethel Winkler in the total sum of $582,710.44.

Ordered that the judgment is modified by deleting the first decretal paragraph thereof awarding the plaintiffs Bernard Winkler and Lynn Winkler the total sum of $438,307.27; as so modified, the judgment is affirmed insofar as appealed from, without costs or disbursements, and the matter is remitted to the Supreme Court, Nassau County, for a determination of the amount of professional fees Bernard Winkler and Lynn Winkler actually paid from their personal bank account(s) on behalf of Holiday House in its bankruptcy proceeding and for entry of an appropriate amended judgment.

Following the default of the defendants Allvend Industries, Inc., Edward Weiss, Leonard Weiss, and Promovision Video Displays Corp., the court entered a judgment finding them, among other defendants, liable for fraudulently inducing the plaintiffs to enter into certain contracts concerning the sale of

a company, Holiday House Coffee International, Inc. (hereinafter Holiday House), owned by Bernard Winkler and Lynn Winkler (hereinafter the Winklers). At the conclusion of an inquest on the issue of damages, the court awarded the plaintiffs damages as follows: $438,307.27 to the Winklers representing the professional fees plus interest paid by the Winklers and Holiday House in Holiday House's bankruptcy proceeding and in this action up to, but not including, the damages inquest, and (2) $582,710.44 to Ethel Winkler representing the $130,000 plus interest she was induced to post to bond the appeal from a judgment obtained by Roger Rigolli against Holiday House and the Winklers (hereinafter the Rigolli Judgment), and the $250,000 plus interest she was induced to pay to Anchor Savings Bank to satisfy a loan Holiday House had previously obtained.

On appeal, the appellants contend that the award to the Winklers for attorney's fees was improper. "The prime standard for measuring the actual pecuniary loss sustained as a direct result of fraud is the 'out-of-pocket' rule" *(Clearview Concrete Prods. Corp. v S. Charles Gherardi, Inc.,* 88 AD2d 461, 467). "[T]he defrauded party is entitled solely to recovery of the sum necessary for restoration to the position occupied before the commission of the fraud" *(Clearview Concrete Prods. Corp. v S. Charles Gherardi, Inc. supra,* at 468). At bar, the record reveals that the appellants' fraudulent conduct induced Holiday House to file a chapter 11 voluntary petition in Bankruptcy Court. During this bankruptcy proceeding, the plaintiffs learned of the appellants' fraudulent conduct and the plaintiffs commenced this action, *inter alia,* (1) to have the court declare that the Winklers, not the appellants, owned Holiday House, and (2) to recover damages suffered due to the appellants' fraudulent conduct. By order dated December 2, 1987, the Supreme Court, Nassau County (Levitt, J.) declared that the Winklers, not the appellants, were the sole shareholders of Holiday House. We find that the court properly awarded the Winklers the professional fees they incurred in pursuing Holiday House's bankruptcy proceeding since the Winklers are entitled to recover these expenses in order to be restored to the position they occupied before the commission of the fraud. Moreover, the court properly found that the Winklers were entitled to recover the legal fees expended in the current action up to, but not including the damages inquest, since the appellants' fraudulent conduct necessarily caused the Winklers to commence the present action to protect their rights to Holiday House *(see,* 60 NY Jur 2d, Fraud and Deceit, § 244

["Legal expenses"]; Annotation, *Attorneys' Fees as Recoverable in Fraud Actions,* 44 ALR4th 776, 822-824, § 8 [a]). However, modification of the court's judgment is necessary since the record reveals that some of the professional fees incurred in the bankruptcy proceeding and this action were actually paid for by Holiday House checks. Since Holiday House is not a party to this action, we find that the court improperly awarded the Winklers the fees paid by Holiday House. Although the Winklers are the sole shareholders of Holiday House, the corporation has "an existence separate and distinct from that of [its] shareholders" *(New Castle Siding Co. v Wolfson,* 97 AD2d 501, 502). Accordingly, since it cannot be determined from the record on appeal the amount of professional fees actually paid by Holiday House, this matter is remitted to the Supreme Court to determine and then deduct this amount from the Winklers' award.

Contrary to the appellants' contentions, we find that the court properly awarded the plaintiff Ethel Winkler the $130,000 she posted to bond the appeal from the Rigolli Judgment and the $250,000 she paid to Anchor Savings Bank on Holiday House's behalf since the record clearly reveals that the appellants fraudulently induced Ethel Winkler to make these payments. Since Ethel Winkler's payments reduced Holiday House's liabilities, she could have pursued Holiday House for recovery of these sums. However, due to the appellants' fraudulent conduct in inducing these payments, Ethel Winkler also had a cause of action against the defendants.

We have reviewed the appellants' remaining contentions and find them to be without merit. O'Brien, J. P., Copertino, Pizzuto and Santucci, JJ., concur.