■ In the Matter of the Arbitration between RUSSIAN-BRAZILIAN HOLDINGS, INCORPORATED, Respondent, and VICTOR SARAEV et al., Appellants. [602 NYS2d 352] —Order, Supreme Court, New York County (Carmen Beauchamp Ciparick, J.), entered on or about April 14, 1993, which denied respondents' motions to stay arbitration and to vacate an order confirming the order of attachment, unanimously affirmed, with costs.

Considering the signed contracts at issue as well as the European Coffee Contracts to which the instant agreements were subject, it is clear that any dispute concerning the contracts was to be resolved through arbitration. Moreover, while respondent Saraev only signed the contracts in a representative capacity for "Alpha Technology," the overall circumstances establish that he personally entered into a "joint venture" with petitioner *(see, Matter of Steinbeck v Gerosa,* 4 NY2d 302, 317); that it was his personal funds that would fund the entire transaction; and that "Alpha Technology" appears to be the alter ego of Saraev *(see, Matter of Sbarro Holding [Shiaw Tien Yuan],* 91 AD2d 613). Accordingly, Saraev, personally, is required to resolve the instant dispute by arbitration *(see, Matter of Siegel v 141 Bowery Corp.,* 51 AD2d 209).

In light of, *inter alia,* Saraev's personal involvement in the instant business transaction, his alleged breach of the con-

tracts, "Alpha Technology's" apparent undercapitalization, and the fact that Saraev is a "nondomiciliary residing without the state" (CPLR 6201 [1]), an attachment of Saraev's personal accounts in New York was well founded (CPLR 7502 [c]). Concur—Carro, J. P., Wallach, Kupferman, Kassal and Rubin, JJ.