■ LEON S. HARRIS, Plaintiff, and MICHAEL GANGI PLUMBING & HEATING CONTRACTORS, INC., Appellant, v STONY CLOVE LAKE ACRES, INC., et al., Defendants, and MIRIAM BRESLAUER, Respondent. [608 NYS2d 584] —Yesawich Jr., J. Appeal from an

order of the Supreme Court (Connor, J.), entered November 15, 1992 in Greene County, which, *inter alia,* denied a cross motion by plaintiff Michael Gangi Plumbing & Heating Contractors, Inc. for summary judgment dismissing the answer of defendant Miriam Breslauer.

This action to foreclose a mortgage was apparently commenced in 1989 by plaintiff Leon Harris, who has since died.* The mortgage, executed by Joel Breslauer on behalf of defendant Stony Clove Lake Acres, Inc. (hereinafter Stony Clove or the corporation) on October 1, 1982, was assigned, along with the underlying obligation, to plaintiff Michael Gangi Plumbing & Heating Contractors, Inc. (hereinafter Gangi) in 1984, and the assignment was recorded in 1991. After Harris died, Gangi and defendant Miriam Breslauer (hereinafter Breslauer), the sole shareholder of Stony Clove, were granted permission to intervene in the action. However, the court's order granting intervention, entered July 13, 1992, expressly provided that Breslauer's intervention was to be on her own behalf, that she was not permitted to interpose defenses on behalf of the corporation and that her appearance was not to excuse any default of the corporation.

After Gangi served an amended complaint and Breslauer answered, Breslauer moved to dismiss the complaint pursuant to CPLR 3211 or, in the alternative, for summary judgment pursuant to CPLR 3212. Gangi opposed the motion and cross-moved to dismiss Breslauer's answer on the ground that it asserted defenses which were available only to the corporation, and for the appointment of a Referee to compute. Finding an issue of fact as to whether the mortgage was supported by consideration, Supreme Court denied both motions and Gangi appeals.

As Gangi correctly points out, Breslauer's affirmative defenses asserting improper service, failure to comply with the Statute of Frauds, lack of consideration, invalid assignment, fraud in the inducement and lack of authority to act on behalf of the corporation may only be claimed by the corporation itself, as mortgagor *(see, County of Tioga v Solid Waste Indus.,* 178 AD2d 873, 874). Given that Supreme Court's order precludes Breslauer from answering on behalf of the corporation, and that determination has not been contested, these defenses must be stricken. And, as for the other defenses—failure to

---

* The original summons and complaint does not appear in the record on appeal.

state a cause of action and lack of standing on the part of Gangi—they are simply not supported by the record.

Even if the merits of Breslauer's contention that she has standing to interpose defenses on behalf of the corporation were reachable, they would be of no avail. She maintains that as the sole shareholder of Stony Clove, she is the equitable owner of the corporation's assets and its "alter ego", and that she therefore has the right to raise any defense that Stony Clove may have to the claims asserted against it. A corporation, even when wholly owned by a single individual, has a separate legal existence from its shareholders (see, *Bowery Sav. Bank v 130 E. 72nd St. Realty Corp.*, 173 AD2d 364; *Breiterman v Elmar Props.*, 123 AD2d 735, 736, *lv dismissed* 69 NY2d 823), and courts are loathe to disregard the corporate form for the benefit of those who have chosen that form to conduct business (see, *Jenkins v Moyse*, 254 NY 319, 323-324). No good reason to depart from these principles exists here. The cases relied upon by Breslauer (e.g., *Flanson Realty Corp. v Workers' Unity House*, 229 App Div 179, 182-183; *Manahan v Petroleum Producing & Ref. Co.*, 198 App Div 192, 196) do not require a different conclusion, for they are readily distinguishable in that, being the sole shareholder and officer of Stony Clove, Breslauer alone necessarily controls its defense.

Inasmuch as it is uncontroverted that Stony Clove has defaulted in this action, Gangi is entitled to summary judgment in its favor, and a Referee to compute should have been appointed (see, RPAPL 1321; 15 Carmody-Wait 2d, NY Prac § 92:189, at 96). Should Stony Clove have a meritorious defense and a reasonable excuse for its failure to appear, its remedy lies in a motion to vacate the default (see, *Carlson v Cooper,* 122 AD2d 927, 928, *lv denied* 69 NY2d 602; CPLR 5015).

Mikoll, J. P., White and Casey, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as denied the cross motion of plaintiff Michael Gangi Plumbing & Heating Contractors, Inc.; cross motion granted, summary judgment awarded to said plaintiff and matter remitted to the Supreme Court for the appointment of a Referee to compute; and, as so modified, affirmed.