■ In the Matter of ROBIN FROMCHECK, Respondent, v BRENTWOOD PAIN & MEDICAL SERVICES, P. C., et al., Appellants, et al., Respondent. (And Two Related Matters.) [679 NYS2d 632] —In a proceeding, *inter alia,* pursuant to section 1104-a of the Business Corporation Law to dissolve certain corporations, Brentwood Pain & Medical Services, P. C., Brentwood Pain & Rehabilitation Services, P. C., Hempstead Pain & Medical Services, P. C., and South Bronx Pain & Medical Services, P. C., appeal (1), as limited by their brief, from so much of an order of the Supreme Court, Nassau County (DiNoto, J.), dated December 9, 1997, as granted the petition as to them and appointed a receiver to carry out their dissolution, and (2) from an order of the same court, dated March 2, 1998, which denied their motion, in effect, to reargue. Richard Lee, Family Chiropractic Health, P. C., Michael Dante Management, Inc., Multi-Discipline Management, Inc., Multi-Medical Management, Inc., and Family Chiropractic Health Center also appeal from the order dated December 9, 1997.

Ordered that the appeal of Richard Lee, Family Chiropractic Health, P. C., Michael Dante Management, Inc., Multi-Discipline Management, Inc., Multi-Medical Management, Inc., and Family Chiropractic Health Center from the order dated December 9, 1997, is dismissed for failure to perfect the same in accordance with the rules of this Court (*see,* 22 NYCRR 670.8 [c], [e]); and it is further,

Ordered that the appeal from the order dated March 2, 1998, is dismissed, as no appeal lies from an order denying reargument; and it is further,

Ordered that the order dated December 9, 1997, is reversed insofar as appealed from by Brentwood Pain & Medical Services, P. C., Brentwood Pain & Rehabilitation Services, P. C., Hempstead Pain & Medical Services, P. C., and South Bronx Pain & Medical Services, P. C., on the law, those branches of

the petition which were to dissolve those corporations are denied, the proceeding is dismissed insofar as asserted against those appellants, and the proceeding against the other respondents is severed; and it is further,

Ordered that one bill of costs is awarded to the appellants Brentwood Pain & Medical Services, P. C., Brentwood Pain & Rehabilitation Services, P. C., Hempstead Pain & Medical Services, P. C., and South Bronx Pain & Medical Services, P. C.

Subject to certain qualifications not relevant here, a petition pursuant to Business Corporation Law § 1104-a for the dissolution of a corporation may be presented by "[t]he holders of * * * twenty percent or more * * * of all outstanding shares of [the] corporation * * * [who are] *entitled to vote in an election of directors*" (Business Corporation Law § 1104-a [a] [emphasis supplied]). The petitioner herein does not own shares in Brentwood Pain & Medical Services, P. C., Brentwood Pain & Rehabilitation Services, P. C., Hempstead Pain & Medical Services, P. C., and South Bronx Pain & Medical Services, P. C. (hereinafter the Brentwood corporations). The Supreme Court nonetheless ordered the dissolution of the Brentwood corporations on the theory that these corporations are in fact the alter egos of certain other corporations (namely, Family Chiropractic Health, P. C., and Multi-Discipline Management, Inc.) in which the petitioner does own 20% of the shares. We disagree.

The Brentwood corporations are medical professional corporations, and the petitioner is not authorized to practice in the profession of medicine. Accordingly, she may own shares in those corporations, if at all, only as a "transferee of shares by operation of law or court decree" (Business Corporation Law § 1511; *see also,* Business Corporation Law §§ 1503, 1507). However, even if the petitioner were entitled, by "operation of law", to a transfer of 20% of the shares in the Brentwood corporations, she would still be forbidden from voting those shares "for any purpose whatsoever except with respect to corporate action under [Business Corporation Law] section nine hundred nine and section one thousand one" (Business Corporation Law § 1511). Business Corporation Law §§ 909 and 1001 do not relate to the election of directors. Because the petitioner is thus not entitled to vote in an election of directors, there is no basis upon which the petitioner can establish the prerequisites necessary for her to present the instant petition insofar as it relates to the dissolution of the Brentwood corporations. Bracken, J. P., Copertino, Goldstein and McGinity, JJ., concur.