[805 NYS2d 36]

JIM ROGERS, Appellant, v MURIEL CIPRIAN, Defendant, and NORA LEE, Doing Business as ALIEN's EVALUATION SERVICES, Respondent.

First Department, November 15, 2005

### APPEARANCES OF COUNSEL

*Siller Wilk LLP*, New York City (*Matthew F. Schwartz* of counsel), for appellant.

*Harry Raptakis*, Mineola, for respondent.

### OPINION OF THE COURT

Tom, J.P.

At issue in this cause of action for breach of contract is whether defendant Nora Lee, an immigration consultant, can be held liable for damages attributed to the initial rejection of an application filed with the Immigration and Naturalization Service (INS) by an attorney Lee referred to plaintiff's corporation, the applicant on the immigration petition. Absent any authority to control the attorney's work, there is no basis for recovery against the consultant. In any event, plaintiff lacks standing to maintain an action to recover for the loss sustained by his corporation.

Plaintiff alleges that he sought to hire Sergei P. Laptev, a Russian national, to serve, variously, as a translator, guide and doc-

ument researcher for film production. To employ Laptev, plaintiff hired defendant Lee to obtain labor certification from the Department of Labor (DOL) and to obtain counsel to file the "visa petition for alien worker" with the Immigration and Naturalization Service (INS) (8 USC § 1153 [b] [3]).

On October 29, 1999, Lee filed the application for alien employment certification with DOL. The prospective employer on the application was listed as "Beeland Interests, Inc., D/B/A Jim B. Rogers." Beeland was a corporation wholly owned by plaintiff. On July 19, 2000, DOL approved Beeland's application. Lee then retained defendant Muriel Ciprian, an attorney, on behalf of Beeland to file the visa petition with INS. The petition necessarily listed Beeland as Laptev's prospective employer. Submitted with the petition was Beeland's 1999 tax return. On July 21, 2001, INS requested additional documentation, specifically the 2000 corporate tax return and the 1999 and 2000 W-2 forms. Beeland responded by submitting its 2000 tax return.

INS denied the visa petition on October 31, 2001, finding that the information submitted did not demonstrate that Beeland had the requisite financial capability to pay Laptev's proposed salary. Plaintiff then retained new counsel, who appealed the INS determination, submitting unspecified additional evidence. On July 11, 2002, INS approved the visa petition submitted on Beeland's behalf, finding that it had the necessary funds at the time of filing of the petition.

Plaintiff commenced the instant action, asserting a legal malpractice claim against Ciprian and a breach of contract claim against Lee. The complaint asserts that Lee and Ciprian erroneously listed Beeland as Laptev's employer, rather than plaintiff individually, on the applications submitted to DOL and INS. In the single cause of action asserted against Lee for breach of contract, the complaint alleges that "Lee failed to retain competent counsel for plaintiff and thereby failed to arrange for the submission of a proper petition to the INS." Plaintiff, proceeding in his individual capacity, seeks damages for legal expenses incurred as a result of having to appeal the denial of the petition and for lost profits caused by the attendant delay.

Supreme Court granted Lee's motion for summary judgment (CPLR 3212), concluding that her preparation of the application for labor certification could not have been a "proximate cause" of plaintiff's asserted damages, and that plaintiff's claim for breach of the agreement due to the failure to retain competent counsel is baseless.

As an initial consideration, the only claim asserted against Lee sounds in contract; proximate causation is an element of tort liability that is inapposite to a contract claim. Furthermore, plaintiff's contract with Lee, as consultant, and his retainer agreement with Ciprian, as counsel, are wholly distinct legal relationships. Finally, the action is predicated on a verbal agreement, the terms of which plaintiff is obligated to plead and prove (*Paz v Singer Co.*, 151 AD2d 234, 235 [1989], citing Fisch, Evidence § 1098 [2d ed]).

Plaintiff's theory of recovery is untenable. He denies directing Lee to list Beeland as Laptev's employer; rather, he maintains, it was always his intention to function as employer in his individual capacity. The documentary evidence does not support this contention, however. Plaintiff signed the DOL application, which he is presumed to have read (*see Mariani v Dyer*, 193 AD2d 456 [1993], *lv denied* 82 NY2d 658 [1993]) and which recites, immediately above the signature line, "I take full responsibility for accuracy and any representations made by my agent." Furthermore, the employment certification application is signed in plaintiff's capacity as president of Beeland, not individually. Had plaintiff genuinely intended to be Laptev's employer, he would not have permitted an application to be filed in the name of his corporation.

In any event, plaintiff's breach of contract claim against Lee is meritless. His only assertion is that "Lee failed to retain competent counsel for plaintiff and failed to arrange for the submission of a proper Petition to the INS." Thus, plaintiff seeks contract damages from Lee for breach of an asserted duty not simply to retain counsel, but to retain "competent" counsel. By implication, he seeks to hold Lee accountable for Ciprian's failure to timely obtain alien certification for Laptev from INS.

This claim suffers from a variety of deficiencies. First, Lee has no control over the actions of counsel that might serve as a basis for a claim of breach of performance. It is fundamental that an attorney may not share a practice with a nonlawyer (Code of Professional Responsibility DR 1-107 [a] [22 NYCRR 1200.5-c (a)]); more specifically, an attorney may not take direction from a layperson in the exercise of the attorney's professional judgment (Code of Professional Responsibility DR 1-106 [b] [22 NYCRR 1200.5-b (b)]; DR 1-107 [a] [2] [22 NYCRR 1200.5-c (a) (2)]). Thus, there is no legal basis for a finding that Lee assumed any duty of performance owed by Ciprian to plaintiff; plaintiff could not reasonably have relied on Lee to

supervise or control Ciprian's work. Finally, Lee could not have expected to be held responsible for the failure of Ciprian to produce a particular result, and the claim of contract liability therefore offends the rule of *Hadley v Baxendale* (9 Exch 341, 156 Eng Rep 145 [1854]).

In sum, it is uncontroverted that Lee, as an immigration consultant, is unqualified to practice before INS. Therefore, Lee cannot be held liable for any deficiency in the documentation submitted with Beeland's original visa petition before INS. Plaintiff has provided no authority for holding a layperson liable for professional malpractice committed by an attorney, whether the basis of the action is denominated as breach of contract or malpractice, and none has been located. Thus, there is no legal basis for plaintiff's case against Lee.

Plaintiff's claim also suffers from a lack of factual support. As noted, the documentary evidence, particularly the application for labor certification before DOL signed by plaintiff as president of Beeland, establishes that it was submitted on behalf of the corporation. Additionally, at the time the application was submitted (October 29, 1999), the corporation's 1999 tax return had not yet been prepared. Thus, Lee could not have known what the return would contain or what effect it might have on the visa petition for alien worker, ultimately filed by Ciprian over a year later.

Most significant, however, is documentary evidence conclusively establishing that Laptev was hired by the corporation to serve a corporate purpose. The INS determination that ultimately granted the petition states:

> "the petitioner has provided evidence which establishes that it had the amount of $138,110 with which to pay the beneficiary's wage during 1999. This is the amount of the consulting fees paid to outside contractors that the beneficiary will replace upon obtaining lawful permanent residence. Counsel has also established that the petitioner continues to have the ability to pay the proffered wage of $48,101. For the year 2000, the petitioner possessed the amount of $153,624 with which to pay the beneficiary. Again, this is the amount of the consulting fees paid to outside contractors that the beneficiary will replace upon obtaining lawful permanent residence. It is noted that the position description provided by the petitioner for the outside contrac-

tors match [*sic*] the position description as stated on the Form ETA-750.''

It is clear that Laptev was hired by the corporation to replace outside consultants, whose job description matches that of the beneficiary, Laptev, and whose compensation is the source of the funds to be used to pay Laptev's salary. Furthermore, having represented that Laptev was to be employed by Beeland and having obtained a favorable determination from INS as a result, plaintiff should not be permitted to "play[ ] 'fast and loose with the courts' '' by assuming a contrary position in this action (*Scarano v Central Ry. Co. of N.J.*, 203 F2d 510, 513 [1953]; *see Inter-Power of N.Y. v Niagara Mohawk Power Corp.*, 208 AD2d 1073, 1075 [1994]).

As a final consideration, plaintiff's standing to bring this action has not been established. Plaintiff cannot legally employ Laptev; only his corporation has been granted that right. Permitting him to recover compensation for the loss of the purported opportunity to employ Laptev would overlook the illegality inherent in that employment relationship (*see McConnell v Commonwealth Pictures Corp.*, 7 NY2d 465, 471 [1960]). Moreover, Beeland was granted approval to employ Laptev, and whatever damages were occasioned by delay in his hiring were sustained by the corporation, not by plaintiff. A plaintiff may not bring an action in his individual capacity "to recover for wrongdoing done to a corporation" (*Matter of Spear, Leeds & Kellogg v Bullseye Sec.*, 291 AD2d 255, 256 [2002], citing *Uribe v Merchants Bank of N.Y.*, 239 AD2d 128 [1997], *affd* 91 NY2d 336, 341 [1998]).

Accordingly, the order of the Supreme Court, New York County (Leland DeGrasse, J.), entered January 9, 2004, which, inter alia, granted defendant Nora Lee's cross motion for summary judgment dismissing the complaint as against her, should be affirmed, without costs.

ANDRIAS, J. (dissenting). Because material questions of fact are presented which cannot be resolved on the present record, I respectfully dissent and would reverse and deny defendant Lee's cross motion for summary judgment, reinstate the complaint as against her, and remand the matter for further proceedings.

In this action for breach of contract against defendant Lee and legal malpractice against defendant Ciprian, in which plaintiff seeks damages for his additional legal expenses and lost profits resulting from the delay caused by the initial denial

of his immigrant petition for an alien worker, it is undisputed that plaintiff retained Lee, an immigration consultant, to first secure the necessary labor certification from the Department of Labor and then to obtain counsel to file an immigrant petition for alien worker with the Immigration and Naturalization Service (INS)—now United States Citizenship and Immigration Services (USCIS).

By letter dated January 23, 1998 Lee asked plaintiff to have the enclosed Department of Labor application for labor certification signed by the employer and employee and instructed him not to date the signatures. The application, as admittedly prepared by Lee, lists "Jim Rogers" as the employer and all copies were signed James B. Rogers, Jr., whose title was given as president, although there is no mention of any corporation. Neither party offers any explanation as to why the application was not submitted to the Department of Labor at that time. However, one year and nine months later, on October 29, 1999, Lee filed an application for alien employment certification with the Department of Labor in order to permit plaintiff to hire Sergei Laptev, a Russian translator, for a project that was to begin in Siberia and continue in this country. The application, which was also a prerequisite to approval by the INS, listed "Beeland Interests, Inc., D/B/A Jim B. Rogers" as the prospective employer.

After such certification was granted on July 19, 2000, defendant Ciprian, an attorney, was retained and, on December 11, 2000, filed the requisite petition with the INS, listing Beeland Interests, Inc. as the employer. That petition was initially denied on the ground that it did not demonstrate that the corporation had the financial capacity to pay the proffered wage as of October 29, 1999. As a result, plaintiff alleges that he was forced to retain new counsel at great expense to appeal such denial, which upon submission of additional evidence, ultimately resulted in the approval of the petition on July 11, 2002.

In support of her cross motion for summary judgment, Lee states that the Department of Labor application was amended at plaintiff's request inasmuch as he was out of the country for an extended period and believed his corporation would be a better applicant because he expected it would have more income than he would individually. In opposition, plaintiff states that he subsequently signed the application listing Beeland as the employer because "I thought they knew what they were doing and that the employer listing was correct . . . . Neither defen-

dant ever advised me . . . why the proposed employer had been changed to Beeland or that it was somehow improper to list Beeland as the employer in the petition." He further states that he never requested that Beeland be listed as the applicant, and that there has not been any discovery in this action and the facts relating to how or why the applicant was changed from plaintiff in his individual capacity to the Beeland corporation are within the exclusive knowledge and/or control of defendants and are unavailable to him from any other source.

In granting Lee summary judgment and dismissing the complaint as against her, the motion court found that because Lee did not prepare the visa petition to the INS and the petition was ultimately approved, her preparation of the application for labor certification cannot be a proximate cause of any of plaintiff's claimed damages. It also found that the claim that Lee breached her agreement by failing to retain competent counsel was baseless and that Lee could not be vicariously liable for Ciprian's actions.

In affirming the grant of summary judgment, the majority reaches faulty factual and legal conclusions based upon arguments neither raised by the parties to this appeal nor decided by the motion court. It relies upon documentary evidence that the applications were submitted on behalf of Beeland, a fact not in dispute and an argument raised not by Lee, but by the non-appealing defendant Ciprian; also relies upon disciplinary rules prohibiting attorneys from, inter alia, sharing their practice with a nonlawyer; questions plaintiff's standing to bring this action to recover damages suffered by his corporation; and accuses him of playing "fast and loose with the courts" by signing the labor certification and INS applications that were submitted on behalf of Beeland and now assuming a contrary position in this action.

None of these arguments was raised by Lee, whose position below was that if Ciprian's motion to dismiss the legal malpractice claim against her was successful then Lee's cross motion for summary judgment should also be granted because there could be no evidence that she retained incompetent counsel.

While Lee's attorney states in his affirmation in support of the cross motion that ultimately plaintiff was not the client on whose behalf Lee was retained, Lee, both in her answer and in her affidavit in support of her cross motion, admits that plaintiff (not Beeland) retained her to provide immigration consulting services; to obtain the labor certification from the Department

of Labor and to assist in the obtaining of an alien registration card by the retention of counsel; and that he had used her services in the past for similar applications. However, plaintiff's complaint is not that he did not obtain the necessary documents to hire Laptev, but that, because of her failure to submit the application for labor certification on behalf of him in his individual capacity, Lee set in motion a chain of events that resulted in delay of the necessary approvals, thus causing him additional time and expense.

The majority acknowledges that the complaint alleges that both Lee and Ciprian listed Beeland as Laptev's prospective employer, rather than plaintiff individually, on the applications to the Department of Labor and the INS, but tries to limit his claim to Lee's failure to retain competent counsel. Neither Lee nor the majority can point to any reason why a contract to retain competent counsel, or for that matter a competent plumber, is unenforceable or incapable of being breached. If Ciprian is ultimately found to have performed competently, plaintiff's claim would fail in that respect. However, the fact that plaintiff ultimately obtained the necessary approvals does not establish Ciprian's or Lee's competence as a matter of law or obviate his claim for damages caused by the delay allegedly resulting from defendants' breach of their duty to him. Contrary to the majority's assertion, plaintiff does not seek a finding that Lee assumed a duty of performance owed to him by Ciprian. Lee assumed her own duty of performance. In the case of Ciprian such duty arises from their attorney-client relationship and is judged upon whether her performance deviated from accepted standards, while Lee's separate and distinct duty and performance is to be judged according to the terms of their agreement and standards applicable in her field, which terms and standards cannot be fully determined from the present record. Under each cause of action, whether for malpractice or for breach of contract, the asserted liability alleges a failure to use due care and has its genesis in the contractual relationship of the parties. Obviously, possible liability for breach of contract would be clearer if it were established that the parties had agreed that time was of the essence and Lee had retained an attorney who had no familiarity with or expertise in the field of immigration law and, as a result, twice as much time and unnecessary legal work was required, for which plaintiff was charged.

Harking back 151 years, the majority also opines that, because Lee could not have been expected to be held responsible for Cip-

rian's failure to produce a particular result, plaintiff's claim of contract liability offends the rule of *Hadley v Baxendale* (9 Exch 341, 156 Eng Rep 145 [1854]), a case in which a mill sought lost profits from a common carrier for a work stoppage caused by its delay in delivering a broken crankshaft for replacement. While critical of the motion court's use of the term "proximate cause," as a tort concept inapposite to a contract claim, the majority relies upon a case decided on the principle of foreseeability, another term commonly used in tort claims. However, the fact of the matter is that both causation and foreseeability are factors to be considered in the law of remedies for torts and breaches of contract alike. All *Hadley,* a case not cited by either party, held was that plaintiff could not recover lost profits because such damages were "too remote," absent special circumstances communicated to or known to defendants. The rule is the same whether applied in the field of contracts or tort. Thus, even if *Hadley* applies, the question of whether plaintiff can sustain a claim for lost profits against Lee would seem to hinge upon whether the need for speed, if any, was conveyed to or understood by Lee.

Thus, at this stage of the proceedings, where no discovery has been had, the opposing affidavits of the parties present questions of fact as to whether the application for labor certification was submitted, as claimed by Lee, in Beeland's name at plaintiff's specific request. Since the labor certification application admittedly served as the basis for the subsequent INS petition, whether it was properly prepared could possibly be determinative as to whether Lee arranged for the submission of a proper INS petition. Thus, the motion court's conclusion, as a matter of law, that Lee's preparation of the labor certification application cannot be a proximate cause of plaintiff's alleged damages erroneously decided contested issues of material fact. Moreover, plaintiff's INS petition was not approved until after plaintiff hired new counsel, who had to submit significant additional evidence. Consequently, there are also questions of fact as to Ciprian's competence in preparing the INS petition. If Ciprian, whose cross motion to dismiss plaintiff's legal malpractice claim was denied in the order under review, were found negligent, a question of fact would seemingly arise as to whether Lee breached an undertaking to obtain competent counsel. Accordingly, Lee's cross motion for summary judgment should have been denied.

WILLIAMS, GONZALEZ and CATTERSON, JJ., concur with TOM, J.P.; ANDRIAS, J., dissents in a separate opinion.

Order, Supreme Court, New York County, entered January 9, 2004, affirmed, without costs.