Golia, J.
(dissenting and voting to reverse the order, insofar as appealed from, and denying plaintiffs motion for summary judgment). Initially, I note with dismay the finding of the motion court. That determination is patently incorrect. The determination, which granted plaintiff summary judgment, stated that “plaintiff proved that it submitted a timely and proper notice of claim pursuant to the No-Fault statute.” With regard to that fact, the Appellate Term unanimously disagrees and finds that plaintiff failed to prove that it submitted the claim at all.
I further note, although not addressed by the majority, that the notice of claim which plaintiff provided was not a “proper notice of claim pursuant to the No-Fault statute.” The majority responds that due only to defendant’s failure to request a timely verification or raise a defense as to the propriety of the claim form, the defendant was precluded from raising those issues. I submit that a defendant’s failure to contest improper forms is not the same as a finding that the forms were proper.
My dissent, however, is predicated primarily upon the inappropriate expansion of the majority’s willingness to assist the plaintiff to establish its prima facie case in this no-fault matter.
*79 The plaintiff here did not even meet the relaxed standard of making out a prima facie case that was first enunciated by the Appellate Term in a previous no-fault proceeding (see Amaze Med. Supply v Eagle Ins. Co., 2 Misc 3d 128[A], 2003 NY Slip Op 51701[U] [App Term, 2d & 11th Jud Dists 2003]) and its progeny. That case held that a health care provider need only prove that it submitted a properly completed claim form to establish its prima facie entitlement to summary judgment. It need not establish any medical necessity for providing the medical supplies or services performed. Indeed, in the event the defendant is precluded from raising a defense as to the propriety of the claim form in whole or in part, the plaintiff is then not even required to affirmatively establish that the claim form was “properly completed.”
In supporting its claim that the Appellate Term has the authority to search the record in order to find missing elements to establish a prima facie case in plaintiff’s motion, the majority cites to CPLR 3212 (b); specifically, that the motion can be granted upon “all the papers and proof submitted” (emphasis added). They did not include the first two sentences of that section which read:
“A motion for summary judgment shall be supported by affidavits], by a copy of the pleadings and by other available proof, such as depositions and written admissions. The affidavit shall be by a person having knowledge of the facts . . . and it shall show that there is no defense to the cause of action or that the cause of action or defense has no merit.”
When read together, one should conclude that this section imposes upon the movant a minimum requirement in order to establish a prima facie case. I emphasize that a motion for summary judgment must be supported within the four corners of the motion itself. To lessen this burden, as the majority now does in this no-fault proceeding, I submit, is unsupported in the law.
There is an Appellate Division, First Department case, Bowery Sav. Bank v 130 E. 72nd St. Realty Corp. (173 AD2d 364 [1991]), which “appears” to support the majority’s contention that a court may grant summary judgment upon information in the record that was not provided by the moving party. However, a careful reading of that case and the record on appeal reveals that this issue was never briefed. More importantly, it was not *80 even considered by the trial court. In fact the unpublished decision from the Supreme Court cites to Alvarez v Prospect Hosp. (68 NY2d 320 [1986]) for the proposition that the initial burden lies upon the movant. That court then goes on to indicate that the defendant does not dispute certain issues but fails to raise sufficient allegations to raise a triable issue of fact.
At no point does the Supreme Court or the Appellate Division assert that it has the right to search the record in order to bolster the movant’s applications. There is clearly a distinction between discounting a technical failure that is not at issue and, on the other hand, combing through the record in order to search for missing elements of plaintiff’s prima facie case.
Until now, a plaintiff did, at least, have the initial burden to prove that the claim form was actually sent to the defendant. The Appellate Term has long held that such proof could be established by annexing the defendant’s denial form thereby proving that the claim was received. My colleagues now no longer require that plaintiff establish a prima facie case within the four corners of its motion as long as the majority can find the proof upon a complete search of the record.
Although the majority acknowledges the “well-established principle that the failure of a proponent of a motion for summary judgment to make a prima facie showing of entitlement to judgment as a matter of law requires denial of the motion regardless of the sufficiency of the opposing papers (Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853 [1985])” (at 75), it nevertheless decided to search this record here and find that a prima facie case exists.
The majority then cites to the Court of Appeals case of Alvarez v Prospect Hosp. (68 NY2d 320 [1986]) which cites Wine-grad, and which substantially stands for the same proposition. Nevertheless, the majority asserts that “this is not to say that where a movant fails to establish a prima facie case, the court may never review the opposition papers” (at 76). What they fail to explain is how they reached that conclusion given the following language in Alvarez: “As we have stated frequently, the proponent of a summary judgment motion must make a prima facie showing of entitlement to judgment as a matter of law . . . Failure to make such prima facie showing requires a denial of the motion, regardless of the sufficiency of the opposing papers” (Alvarez, 68 NY2d at 324 [emphasis added]).
*81 For the majority now to say that Alvarez does not preclude them here from reviewing the opposition papers and finding a prima facie case for the movant upon the entire record is, in my opinion, misrepresenting the clear language enunciated by the Court of Appeals. That Court unequivocally stated that such failure mandates a denial of the motion despite the sufficiency of the opposing papers, a ruling which this court is duty bound to follow.
Finally, I submit, the majority engages in an argument of pure sophistry. It asserts that the Appellate Term has the authority to search the record and grant reverse summary judgment even in the absence of a cross motion or an appeal seeking such relief. I agree. It goes on to conclude that the Appellate Term must therefore have the authority to search this record in order to grant summary judgment even in the absence of the movant making out its prima facie case. I do not agree.
There is no question that this court has the authority to search the record and grant reverse summary judgment (see Merritt Hill Vineyards v Windy Hgts. Vineyard, 61 NY2d 106 [1984]). That does not mean, however, that the Appellate Term can use that authority to correct this no-fault movant’s failure to establish its prima facie entitlement to judgment. In my view, the majority’s decision would permit a trial court to exercise its discretion in an open and relaxed manner and would, consequently, result in varied and conflicting decisions based upon the same or similar facts. The result can only lead to confusion and increased appellate litigation. Clearly, in no-fault matters, where the Appellate Term has provided the plaintiff with the simplest of requirements to establish a prima facie case as a matter of law, it now holds that even less is required.
Pesce, P.J., and Rios, J., concur; Golia, J., dissents in a separate memorandum.