ROHMER ASSOCIATES, INC., Appellant, v LINDA G. ROHMER, Respondent. [830 NYS2d 356]—

Spain, J. Appeal from an order of the Supreme Court (Catena, J.), entered August 31, 2005 in Schenectady County, which, inter alia, granted defendant's cross motion for summary judgment dismissing the complaint.

Defendant is the former wife of Paul J. Rohmer (hereinafter the husband), who is the president and sole shareholder of plaintiff, a domestic corporation. Plaintiff commenced this action against defendant alleging that defendant had misappropriated $30,322.60 of plaintiff's funds. The complaint sounded in fraud and unjust enrichment. Supreme Court granted summary judgment to defendant, dismissing the first cause of action as untimely and the second on the basis that a 2001 divorce judgment between defendant and the husband released defendant from liability to plaintiff. On plaintiff's appeal, we now affirm.

The complaint asserts that defendant wrote and cashed 28 corporate checks without plaintiff's authorization in August and September 1996, after the husband had moved out of the marital residence, which also served as plaintiff's place of business. The husband filed for divorce in April 2000. His complaint stated a cause of action for cruel and inhuman treatment and, among the factual allegations listed in support, alleged that defendant had forged his name on corporate checks, and thereby misappropriated funds from his "former business."* The divorce, finalized a year later, incorporated an oral agreement and settlement stipulation. Among its provisions, the oral stipulation stated: "The parties have asserted a number of claims against each other which they are waiving as a result of this stipulation other than set forth in this agreement. It is their intention to release each other from any such claim that they may have which predate [January 19, 2001]."

On appeal, plaintiff has not addressed the dismissal of its first

* It does not appear that plaintiff has ever been formally dissolved; the husband explains in plaintiff's submissions that he referred to plaintiff as his former business because plaintiff was not operational at the time.

cause of action. We conclude, nevertheless, that Supreme Court properly dismissed the cause of action because plaintiff did not state a cause of action for fraud, but for conversion, and the three-year limitations period applicable for the conversion action had expired (*see* CPLR 214 [3]; *Jones v Community Bank of Sullivan County*, 306 AD2d 679, 679-680 [2003]).

With regard to the second cause of action, plaintiff asserts that Supreme Court erred in concluding that the divorce judgment precludes plaintiff from seeking recovery from defendant because plaintiff was not a party to the divorce. "A corporation, even when wholly owned by a single individual, has a separate legal existence from its shareholders" (*Harris v Stony Clove Lake Acres*, 202 AD2d 745, 747 [1994] [citations omitted]; *see Kendall v Venture Dev.*, 206 AD2d 797, 797 n 1 [1994]). However, a corporation's separate legal personality can, under limited circumstances, be disregarded "where necessary 'to prevent fraud or to achieve equity'" (*Billy v Consolidated Mach. Tool Corp.*, 51 NY2d 152, 163 [1980], quoting *International Aircraft Trading Co. v Manufacturers Trust Co.*, 297 NY 285, 292 [1948]). Indeed, "[w]hen a corporation has been so dominated by an individual or another corporation and its separate entity so ignored that it primarily transacts the dominator's business instead of its own and can be called the other's alter ego, the corporate form may be disregarded to achieve an equitable result" (*Austin Powder Co. v McCullough*, 216 AD2d 825, 827 [1995]).

Here, plaintiff's place of business was within the marital home and no dispute exists that the husband, as the only officer and shareholder of plaintiff, exercised complete control over plaintiff. Nor does the husband deny defendant's assertion that he intermingled corporate and family funds. Most significant is the fact that the husband—in the context of the matrimonial action—asserted these same claims that he now seeks to assert on behalf of plaintiff. Under these circumstances, we agree that equity demands that the husband's express release of all remaining claims against defendant in the matrimonial action also operates as a waiver of any claim—whether asserted by plaintiff or the husband—that defendant forged corporate checks during the marriage (*see Matter of Russian-Brazilian Holdings [Saraev]*, 197 AD2d 391, 391 [1993]; *Lewis & Clarkson v October Mtn. Broadcasting Co.*, 131 AD2d 15, 19 [1987]).

Mercure, J.P., Crew III, Peters and Carpinello, JJ., concur. Ordered that the order is affirmed, with costs.