■ PACER's BAR & GRILL, INC., et al., Appellants, v WEINSON's INC., Respondent. [849 NYS2d 147]—

Appeal from an order of the Supreme Court, Erie County (Eugene M. Fahey, J.), entered August 21, 2006. The order, among other things, granted defendant's motion to dismiss the amended complaint.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: We affirm for reasons stated at Supreme Court. We add only that, contrary to plaintiffs' contention, the court properly granted that part of defendant's motion seeking dismissal of the amended complaint on behalf of plaintiff Pacer's Bar & Grill, Inc. (Pacer's). Pacer's is correct that, although it was dissolved at the time it commenced this action, it nevertheless retained "a limited de jure existence solely for the purpose of winding up its affairs, and retain[ed] capacity to bring suit for that purpose" (Lorisa Capital Corp. v Gallo, 119 AD2d 99, 110 [1986]). We agree with defendant, however, that the court properly determined that, based upon two prior personal bankruptcy filings by plaintiff Peter Sadlocha, the doctrine of judicial estoppel applies to bar the action on behalf of Sadlocha and Pacer's.

The record establishes that Sadlocha was the sole shareholder and principal of Pacer's, and that, in connection with his two personal bankruptcy proceedings, he failed to list his ownership of Pacer's or his interest in the lease between Pacer's and defendant as an asset or a debt in either proceeding. "Broadly speaking, the courts will . . . pierce the corporate veil[ ] whenever necessary to prevent fraud or to achieve equity" (*Matter of Morris v New York State Dept. of Taxation & Fin.*, 82 NY2d 135, 140 [1993] [internal quotation marks omitted]). We conclude under the circumstances of this case that, in order to achieve an equitable result, the court properly pierced the corporate veil and applied the doctrine of judicial estoppel in dismissing the action on behalf of Pacer's (*see Rohmer Assoc., Inc. v Rohmer*, 36 AD3d 990, 991 [2007]). Sadlocha, the sole shareholder of Pacer's, completely dominated the corporation, the corporation was undercapitalized, and Sadlocha attempted to misuse the corporate form in order to avoid the consequences of his failure to list Pacer's or the lease as an asset or a debt in his personal bankruptcy filings (*see Austin Powder Co. v McCullough*, 216 AD2d 825, 827 [1995]). Present—Hurlbutt, J.P., Martoche, Smith, Peradotto and Pine, JJ.