■ IMAN BACCASH, Respondent, v ANDREW W. SAYEGH, Appellant. [862 NYS2d 564]—

In an action, inter alia, to recover damages for legal malpractice, the defendant appeals from (1) an order of the Supreme

Court, Nassau County (LaMarca, J.), entered June 19, 2006, which (a) denied those branches of his motion pursuant to CPLR 4404 (a) which were to set aside a jury verdict in favor of the plaintiff and against him awarding damages and for judgment as a matter of law dismissing the complaint for failure to establish a prima facie case or, in the alternative, to set aside the verdict as against the weight of the evidence and for a new trial and (b) granted that branch of his motion pursuant to CPLR 4404 (a) which was, in effect, to set aside the damages award as excessive only to the extent of directing a new trial with respect thereto unless the plaintiff stipulated to reduce the damages award to the principal sum of $52,895, and (2) a judgment of the same court entered November 21, 2006, which, upon the plaintiff's stipulation, is in favor of the plaintiff and against him in the principal sum of $52,895.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is reversed, on the law, that branch of the defendant's motion pursuant to CPLR 4404 (a) which was to set aside the verdict and for judgment as a matter of law dismissing the complaint is granted, the complaint is dismissed, and the order is modified accordingly; and it is further,

Ordered that one bill of costs is awarded to the defendant.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (see Matter of Aho, 39 NY2d 241, 248 [1976]). The issues raised on appeal from the order are brought up for review and have been considered on the appeal from the judgment (CPLR 5501 [a] [1]).

The plaintiff is the sole officer and shareholder of Iman Bridal Couture, Inc. (hereinafter Bridal Couture), which operates a bridal gown boutique in Nassau County. In late 2000 the plaintiff learned that the owner of a nearby bridal boutique had died, and that his business, Peggy Peters, Ltd. (hereinafter Peggy Peters), was for sale. The plaintiff alleges that she asked the defendant attorney to represent her in connection with a purchase of Peggy Peters' trade name so that she could open a new store under that name. However, the defendant allegedly advised the plaintiff that she would have to purchase Peggy Peters' inventory in order to acquire its trade name. Although the plaintiff agreed to purchase the inventory, she claims that unbeknownst to her the defendant negotiated a stock purchase rather than an asset purchase of Peggy Peters, thus requiring her to assume its trade debt and a bank loan guaranteed by the

prior owner. The plaintiff alleges that she did not read the stock purchase agreement she signed at the closing of the Peggy Peters sale on February 14, 2001, because she trusted the defendant. A few months after purchasing the business, the plaintiff closed the Peggy Peters boutique.

The plaintiff subsequently commenced this action against the defendant alleging, inter alia, that he had committed legal malpractice by structuring the purchase of Peggy Peters as a stock purchase rather than an asset purchase without her knowledge, by failing and refusing to inform her of the terms of the purchase, and by defaulting in a creditor's lawsuit which had been brought against both Peggy Peters and Bridal Couture. At the ensuing trial the plaintiff submitted documentary proof that following her February 2001 purchase of Peggy Peters' stock, Bridal Couture issued $46,895 in checks to pay Peggy Peters' debts. In addition, Bridal Couture paid $6,000 to settle the creditor's action which had been commenced against both it and Peggy Peters. After the jury returned a verdict finding, among other things, that the defendant had failed to exercise reasonable care in representing the plaintiff in the purchase of Peggy Peters and awarding her damages, the defendant moved, inter alia, to set aside the verdict and for judgment as a matter of law dismissing the complaint for failure to establish a prima facie case. The defendant alternatively moved, in effect, to set aside the damages award as excessive. In support of that branch of his motion which was to set aside the verdict and for judgment as a matter of law dismissing the complaint, the defendant argued, among other things, that the plaintiff had failed to prove that she had sustained any damages due to his alleged malpractice because the proof submitted at trial revealed that it was Bridal Couture, rather than the plaintiff personally, which made payments totaling $46,895 in satisfaction of Peggy Peters' debts. The trial court denied that branch of the defendant's motion, concluding that since the plaintiff was the sole officer and shareholder of Bridal Couture, the corporation was her alter ego. However, the court granted that branch of the defendant's motion which was, in effect, to set aside the damages award as excessive to the extent of directing a new damages trial unless the plaintiff stipulated to reduce the damages award to the principal sum of $52,895, which were the actual damages proven at trial. After the plaintiff stipulated to the reduction, a judgment in her favor in the principal sum of $52,895 was entered.

On appeal the defendant contends that the court erred in denying the branch of his motion which was to set aside the verdict and for judgment as a matter of law dismissing the

complaint because the plaintiff failed to prove that she suffered any direct damages as a consequence of his alleged acts of legal malpractice. We agree. "In an action to recover damages for legal malpractice, a plaintiff must demonstrate that the attorney 'failed to exercise the ordinary reasonable skill and knowledge commonly possessed by a member of the legal profession' and that the attorney's breach of this duty proximately caused plaintiff to sustain actual and ascertainable damages" (*Rudolf v Shayne, Dachs, Stanisci, Corker & Sauer,* 8 NY3d 438, 442 [2007], quoting *McCoy v Feinman,* 99 NY2d 295, 301-302 [2002]; *see Napolitano v Markotsis & Lieberman,* 50 AD3d 657 [2008]; *Carrasco v Pena & Kahn,* 48 AD3d 395 [2008]). The function of a damages award in a legal malpractice case is to make the injured client whole (*see Rudolf v Shayne, Dachs, Stanisci, Corker & Sauer,* 8 NY3d at 443; *Campagnola v Mulholland, Minion & Roe,* 76 NY2d 38, 42 [1990]). Here, the plaintiff's theory of the case was that she sustained damages because the stock purchase agreement which the defendant negotiated without her knowledge required her to assume responsibility for Peggy Peters' liabilities, consisting of trade debt and an outstanding bank loan. However, the proof presented at trial revealed that all payments of Peggy Peters' debts after the February 2001 purchase were made by Bridal Couture rather than the plaintiff, and that Bridal Couture also paid $6,000 in settlement of the creditor's suit brought against both Bridal Couture and Peggy Peters. Although it is undisputed that the plaintiff is Bridal Couture's sole officer and shareholder, a corporation has a separate legal existence from its shareholders even where the corporation is wholly owned by a single individual (*see Harris v Stony Clove Lake Acres,* 202 AD2d 745, 747 [1994]; *see also Rohmer Assoc., Inc. v Rohmer,* 36 AD3d 990 [2007]; *Winkler v Allvend Indus.,* 186 AD2d 732, 734 [1992]; *New Castle Siding Co. v Wolfson,* 97 AD2d 501, 502 [1983], *affd* 63 NY2d 782 [1984]). Moreover, "the courts are loathe to disregard the corporate form for the benefit of those who have chosen that form to conduct business" (*Harris v Stony Clove Lake Acres,* 202 AD2d 745, 747 [1994]).

Furthermore, while the doctrine of piercing the corporate veil allows a corporation's separate legal existence to be disregarded to prevent fraud and achieve equity (*see Matter of Morris v New York State Dept. of Taxation & Fin.,* 82 NY2d 135, 141 [1993]; *Millennium Constr., LLC v Loupolover,* 44 AD3d 1016 [2007]; *Rohmer Assoc., Inc. v Rohmer,* 36 AD3d 990 [2007]), the doctrine is typically employed by third parties seeking to circumvent the limited liability of the owners, and requires a showing of a wrongful or unjust act toward the plaintiff (*see Matter of Morris*

*v New York State Dept. of Taxation & Fin.*, 82 NY2d 135, 141-142 [1993]). Even assuming that the doctrine of piercing the corporate veil would be available to allow the plaintiff to disregard the corporate form in which she chose to do business, no evidence was presented to support the trial court's conclusion that Bridal Couture is, in fact, the plaintiff's alter ego. Under these circumstances, the plaintiff's proof was insufficient to establish that she sustained actual damages as a result of the defendant's conduct (*see Rogers v Ciprian*, 26 AD3d 1, 6 [2005]; *Winkler v Allvend Indus.*, 186 AD2d 732, 734 [1992]). Thus, the plaintiff failed to establish a prima facie case of legal malpractice (*see Carrasco v Pena & Kahn*, 48 AD3d 395 [2008]; *Edwards v Haas, Greenstein, Samson, Cohen & Gerstein, P.C.*, 17 AD3d 517 [2005]), and that branch of the defendant's motion which was to set aside the verdict and for judgment as a matter of law dismissing the complaint should have been granted.

In light of the foregoing we need not reach the defendant's remaining contentions. Rivera, J.P., Santucci, Eng and Chambers, JJ., concur.