OPINION OF THE COURT
Peter P. Sweeney, J.
This decision and order addresses both a motion and a cross motion. The motion was brought by GEICO, a defendant in multiple actions to recover assigned first-party no-fault benefits, which were commenced by either Painless Medical, PC., RLC Medical PC. or Exact Medical EC. These actions are identified in exhibit “A” to GEICO’s moving papers. Painless Medical, EC., RLC Medical EC. and Exact Medical EC. are professional corporations, organized under the laws of this state, and are licenced to practice medicine. Dr. Ronald Collins, who died on September 15, 2008, was the sole shareholder, officer and director of these corporations. Pursuant to the order of Judge Delores Waltrous dated May 7, 2008, who is now retired, some of these actions have been stayed. On September 9, 2009, Anna Val, an attorney, was appointed the administrator of Dr. Collins’ estate.
In its motion, GEICO seeks the following relief:
(1) an order permitting the motion to be heard and go forward, notwithstanding the fact that some of the actions that are the subject matter of the motion have been stayed;
(2) an order consolidating all the actions identified in exhibit “A” under Civil Court, Kings County, index number *717 071896/2008, only for the purpose of resolving the issues raised by the motion and having any ruling on the motion applied to all of the consolidated actions;
(3) an order dismissing the actions due to the death of the sole shareholder of the plaintiff professional corporations and the failure to timely and properly effect substitution thereunder; and
(4) an order granting further relief as to the court seems just and proper.
The cross motion was made by Anna Val, an attorney. She seeks an order substituting herself, in her capacity as the administrator of Dr. Collins’ estate, in place of the plaintiff corporations in all of the actions.
The first two branches of GEICO’s motion, to lift the stay and consolidate the cases for the purposes of deciding the motion, are granted without opposition.
The third branch of GEICO’s motion, which seeks an order dismissing the within actions due to plaintiffs’ failure to timely and properly effect substitution, and the cross motion for an order substituting Anna Val, the administrator of Dr. Collins’ estate, for the three plaintiff corporations are denied.
While this court may dismiss an action “[i]f [an] event requiring substitution occurs before final judgment and substitution is not made within a reasonable time” (CPLR 1021), an event requiring substitution has not occurred in any of the actions. Only when “a party dies and the claim for or against him is not thereby extinguished [shall] the court . . . order substitution of the proper parties” (CPLR 1015 [a] [emphasis added]). Dr. Collins was not a party to any of the actions. The fact that he was the sole shareholder of the three plaintiff corporations has no bearing on the issue of whether substitution is required. “A corporation, even when wholly owned by a single individual, has a separate legal existence from its shareholders” (Harris v Stony Clove Lake Acres, 202 AD2d 745, 747 [1994] [citations omitted]; see also Rohmer Assoc., Inc. v Rohmer, 36 AD3d 990, 991 [2007]; Kendall v Venture Dev., 206 AD2d 797, 798 n 1 [1994]) and continues to exist even upon the sole shareholder’s death (see Ocean Diagnostic Imaging, P.C. v Merchants Mut. Ins. Co., 15 Misc 3d 9, 10 [App Term, 2d, 11th & 13th Jud Dists 2007]; Business Corporation Law § 1510).
The only authority known to this court requiring substitution for a corporate party is CPLR 1017, which provides: “[i]f a *718 receiver is appointed for a party, or a corporate party is dissolved, the court shall order substitution of the proper parties.” Neither Ms. Val nor anyone else has been appointed a receiver for any of the three plaintiff corporations and none of the plaintiff corporations has been dissolved.[1]
By denying GEICO’s motion to dismiss and the cross motion for substitution, the court is not suggesting that the actions may proceed. The fact of the matter is that the actions cannot go forward because there is no one who can now act on behalf of the plaintiff corporations in the actions. While it is true that Dr. Collins’ shares in the three professional corporations vested in his estate at the time of his death (see Matter of Bernfeld, 86 AD3d 244 [2d Dept 2011]; Matter of Fromcheck v Brentwood Pain & Med. Servs., 254 AD2d 485, 486 [2d Dept 1998]; Ocean Diagnostic Imaging, P.C., 15 Misc 3d at 10) and that the fiduciary of an estate can normally vote the decedent’s shares in a corporation for any purpose (EPTL 11-1.1 [b] [14]), this is not the case with respect to professional corporations. Only an individual authorized by law to practice in this state a profession in which the professional corporation is authorized to practice may own, direct or control a professional corporation (Business Corporation Law §§ 1507, 1508). Further, only such individuals may generally come into possession of shares in a professional corporation (Business Corporation Law § 1511). Here, the profession in which the three plaintiff professional corporations are authorized to practice is medicine. Ms. Val is not a licensed physician.
While Business Corporation Law § 1511 generally prohibits a nonprofessional from coming into possession of shares of professional corporations, the statutory language provides for an important exception. The statute, in pertinent part, provides: “Nothing herein contained shall be construed to prohibit the *719 transfer of shares by operation of law or by court decree” (Business Corporation Law § 1511). A transferee of shares by operation of law, however, may only vote the shares of a professional corporation for limited purposes. In this regard, the statute provides “no transferee of shares by operation of law . . . may vote the shares [of a professional corporation] for any purpose whatsoever except with respect to corporate action under [Business Corporation Law § 909] and [Business Corporation Law § 1001]” (Business Corporation Law § 1511).
Here, Dr. Collins’ estate became a “transferee by operation of law” upon his death. Accordingly, Ms. Val, as the estate’s fiduciary, may only vote the shares in the three plaintiff corporations for the purposes set forth in Business Corporation Law § 909 and Business Corporation Law § 1001 (id.; see also Matter of Bernfeld, 86 AD3d 244 [2011]; Matter of Fromcheck v Brentwood Pain & Med. Servs., 254 AD2d 485, 486 [1998]).
Business Corporation Law § 909, in essence, permits shareholders, under limited circumstances, to vote to sell, lease, exchange or otherwise dispose of all or substantially all the assets of a corporation. However, if Ms. Val voted to sell substantially all of the assets of the plaintiff corporations, including the outstanding claims for assigned first-party no-fault benefits, the claims might cease to be actionable. It is fairly well settled that an individual or corporation cannot recover assigned no-fault benefits for medical services rendered to an injured party unless the individual or corporation, or one of their employees, actually performed the services (11 NYCRR 65-3.11 [a]; Rockaway Blvd. Med. P.C. v Progressive Ins., 9 Misc 3d 52, 54 [App Term, 2d & 11th Jud Dists 2005]; A.M. Med. Servs., P.C. v Travelers Ins. Co., 23 Misc 3d 145[A], 2009 NY Slip Op 51147[U] [App Term, 2d, 11th & 13th Jud Dists 2009]). The rationale for this rule is that 11 NYCRR 65-3.11 (a)[2] only permits the “provider[ ]” of medical services to recover payment for those services.
*720 Business Corporation Law § 1001 permits the shareholders of a corporation to vote to dissolve the corporation. A dissolved corporation can continue in existence for “the purposes of winding up its affairs” (Business Corporation Law § 1005 [a] [1]). A dissolved corporation is vested with “power to fulfill or discharge its contracts, collect its assets, sell its assets for cash at public or private sale, discharge or pay its liabilities, and do all other acts appropriate to liquidate its business” (Business Corporation Law § 1005 [a] [2]). Further, a dissolved corporation can “continue to function for the purpose of winding up the affairs of the corporation in the same manner as if the dissolution had not taken place” (Business Corporation Law § 1006 [a]) and can “sue or be sued in all courts and participate in actions and proceedings, whether judicial, administrative, arbitrative or otherwise, in its corporate name” (Business Corporation Law § 1006 [a] [4]). Whether Ms. Val would have full authority to act for the three professional corporations in the course of winding up their affairs presents an interesting issue, in light of the statutory prohibitions against nonprofessionals owning, directing and controlling professional corporations. However, since the three corporations involved in Ms. Val’s cross motion have not been dissolved, the court need not address that issue at this time.
For all of the above reasons, it is hereby ordered that the first two branches of GEICO’s motion are granted without opposition; it is further ordered that GEICO’s motion is in all other respects denied; and it is further ordered that the cross motion is denied.

. “With respect to a corporate party that has been dissolved,” as noted by Professor Vincent Alexander in his practice commentaries,
“reference should be made to §§ 1006 and 1117(a) of the N.Y. Business Corporation Law, which govern the survival of remedies by and against dissolved corporations. Subdivision (a) of § 1006 states that a dissolved corporation may continue to function for the purpose of winding up its affairs ‘in the same manner as if the dissolution had not taken place.’ Furthermore, § 1006(a)(4) authorizes a dissolved corporation to sue or be sued in its corporate name” (see Alexander, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR 1017).
For these reasons, Professor Alexander hypothesized that substitution can most likely be avoided in the case of corporate dissolution (id.).

. 11 NYCRR 65-3.11 (a) provides:
“An insurer shall pay benefits for any element of loss other than death benefits, directly to the applicant or, when appropriate, to the applicant’s parent or legal guardian or to any person legally responsible for necessities, or, upon assignment by the applicant or any of the aforementioned persons, shall pay benefits directly to providers of health care services as covered under section 5102(a)(1) of the Insurance Law, or to the applicant’s employer for loss of earnings from work as authorized under section *720 5102(a)(2) of the Insurance Law. Death benefits shall be paid to the estate of the eligible injured person” (emphasis added).